991 F.2d 794
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Grace DRUMMOND, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-5649.
 United States Court of Appeals, Sixth Circuit.
 April 26, 1993.
 
 Before MERRITT, Chief Judge, and JONES and NELSON, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 Plaintiff Grace Drummond appeals the District Court's grant of summary judgment in favor of the Secretary of Health and Human Services, upholding a denial of social security disability benefits. We reverse and remand for clarification of the basis of the Administrative Law Judge's decision.
 
 
 2
 At issue are plaintiff's second and third applications, dated October 19, 1988, and June 21, 1989. She filed her first application in 1987, when she was 48 years old. Plaintiff has a seventh-grade education and prior semi-skilled light work experience as a textile machine operator. She has not worked since 1985, and claims she has been unable to work since at least July 29, 1988, because of back and leg pain.
 
 
 3
 After a hearing on her first application for disability benefits, the ALJ made a finding of fact that the plaintiff suffered from "a severe back impairment which renders her unable to perform the continuous standing, walking and moving about required of her former job or of other jobs at more than sedentary levels of exertion." She was found to have the residual functional capacity to perform a full range of "sedentary work." Under the Grid this finding, and her classification as a "younger individual," dictated a finding of "not disabled."
 
 
 4
 When the agency ruled on the applications at issue here, plaintiff was between 50 and 54 years old, a "person approaching advanced age." 20 C.F.R. § 404.1563(c). If the second ALJ had agreed with the first that plaintiff was limited to sedentary work, plaintiff would have been entitled under the Grid to disability benefits. Instead, the second ALJ found that plaintiff had a residual functional capacity to perform a full range of "medium work." Plaintiff contends that the finding in her first application that she was limited to "sedentary work" is res judicata absent evidence of an improvement in her condition since the first hearing. This issue was raised in the administrative hearing below, but not directly addressed in the ALJ's decision.
 
 
 5
 The Social Security Act, 42 U.S.C. § 405(h), states:
 
 
 6
 The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.
 
 
 7
 On appeal the Secretary of Health and Human Services contends that res judicata should not be applied against the Secretary, arguing inter alia that the Secretary is not a "party" to an administrative hearing. We do not now decide this question. It should first be presented at the agency level and to the court below.
 
 
 8
 If the agency determines that section 405(h) can be applied against the Secretary, it must then determine what effect the ALJ's finding in plaintiff's first hearing should have upon plaintiff's present application. This court recently considered the question "whether the res judicata effect of a previous determination that plaintiff was limited to light work requires reversal of a later determination that plaintiff can perform medium work." Senters v. HHS, No. 91-5966 (6th Cir. April 17, 1992) (unpublished). The court held that the res judicata effect of "findings as to transitory matters such as health" are limited to the time period at issue. Id. at 8. This does not mean, however, that earlier findings as to health are irrelevant in later proceedings. The Senters court rejected plaintiff's claim because there was substantial evidence of improvement in the plaintiff's condition between the first and second applications. Id. at 7. In order for the ALJ in this case to find that plaintiff is capable of performing work at more than sedentary levels of exertion, he must find that there is substantial evidence in the record of an improvement in plaintiff's condition between the first and second hearings. See Lively v. HHS, 820 F.2d 1391, 1392 (4th Cir.1987) (holding that proof of improved health is necessary "as an independent basis to sustain a finding contrary to the final earlier finding").
 
 
 9
 We reverse the District Court's judgment and remand to the District Court with instructions to remand to the Secretary for further proceedings. On remand, the agency should determine whether res judicata is applicable against the Secretary and, if so, whether the evidence supports a finding that plaintiff's condition has improved since the time of her first application. If res judicata is held applicable against the Secretary and there is not substantial evidence to support a finding that plaintiff's condition has improved, plaintiff should be awarded benefits.