Grace **DRUMMOND**, Plaintiff–Appellant,

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 95–6552.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 18, 1996.

Decided Sept. 30, 1997.

John McClorey (argued and briefed), Somerset, KY, for Appellant.

Susan Kelm Story (argued and briefed), Social Security Administration, Office of General Counsel, Atlanta, GA, Mary Ann Sloan, Holly A. Grimes (briefed), Social Security Administration, Office of General Counsel, Atlanta, GA, John S. Osborn, III (briefed), Office of the U.S. Attorney, Lexington, KY, for Appellee.

Before: MERRITT, JONES, and COLE, Circuit Judges.

NATHANIEL R. JONES, Circuit Judge.

## OPINION

Plaintiff Grace Drummond appeals the district court's grant of summary judgment to Defendant Commissioner of Social Security ("Commissioner") following judicial review of the denial of her claim for Disability Insurance Benefits ("DIB"). We hold that the district court erred in granting summary judgment to the Commissioner. We, therefore, reverse and remand this case to the district court for further proceedings consistent with this opinion.

### I.

#### A.

Grace Drummond was born on January 16, 1939. She has a seventh grade education. From 1971 to 1985 Drummond worked as a yarn spinning operator. She last worked on November 17, 1985. Drummond's claim for disability stems from back and leg pain caused by degenerative disc disease with osteoarthritis and exogenous obesity as an aggravating factor.

On July 6, 1987, Drummond applied for DIB benefits. Drummond cited a disability onset date of November 17, 1985, the last day that she worked. Drummond's claim was denied initially and on reconsideration. After the initial denial Drummond requested a hearing. The ALJ found that Drummond was unable to perform her past work but retained a residual functional capacity ("RFC") for "sedentary" work. At the time of the ALJ's decision Drummond was 49 years old which under the applicable regulations is classified as a "younger" individual. 20 C.F.R. § 404.1563(b).

On October 14, 1988, Drummond filed a second application for DIB. There is no indi-

cation of any decision on this claim. On June 21, 1989, Drummond filed a third application for DIB. This claim was denied initially on July 19, 1989, and again on reconsideration on October 11, 1989. Drummond then requested a second hearing.

The ALJ divided Drummond's claim into two time periods—July 6, 1987 to July ·28, 1988, and July 28, 1988 to August 2, 1990. The ALJ immediately dismissed the earlier time period as duplicative of the first ALJ decision. On August 2, 1990, the second ALJ issued a decision denying benefits for the latter time period. Based on the report of Drummond's treating physician and the Commissioner's expert, the ALJ found that Drummond suffered from combined musculoskeletal and multiple body system impairments but retained an RFC suitable for "medium" level work and could perform her past relevant work as a textile machine operator. As a result the ALJ found that Drummond was not disabled and denied her claim for benefits.

At the time of the second determination, Drummond was between 50 and 54 years which is considered by the Social Security Regulations as a "person approaching advanced age." 20 C.F.R. § 404.1563(c). If Drummond had been determined to have a RFC limited to sedentary work, as was decided in the first determination, she would have been entitled to disability benefits under the Commissioner's regulations because of the combination of her age classification and RFC.

### B.

Drummond filed suit in the United States District Court for the Eastern District of Kentucky seeking judicial review of the Commissioner's decision. Following cross-motions for summary judgment, the district court granted summary judgment to the Commissioner finding that substantial evidence supported the Commissioner's denial of benefits. Drummond then appealed to this court.

On appeal, Drummond argued that the first ALJ's determination that she was limited to sedentary work must be followed by the second ALJ based on the principles of res judicata. *Drummond v. Secretary of Health & Human Servs.*, No. 92–5649, 1993 WL 130187, at *1 (6th Cir. Apr. 1993). Drummond argued that absent evidence of an improvement in her condition since the first hearing, the second ALJ was bound by the RFC determination of "sedentary" work. This court declined to address this issue in the first instance but determined that the issue of res judicata should first be presented to the Social Security Administration and the district court. *Id.* The court reversed the judgment of the district court and remanded the case to the district court with instructions to remand to the Commissioner for further proceedings. *Id.* 1993 WL 130187 at *2. The court instructed the Commissioner as follows:

> On remand, the agency should determine whether res judicata is applicable against the Secretary and, if so, whether the evidence supports a finding that plaintiff's condition has improved since the time of her first application. If res judicata is held applicable against the Secretary and there is not substantial evidence to support a finding that plaintiff's condition has improved, plaintiff should be awarded benefits.

*Id.* 1993 WL 130187 at *2.

The case was subsequently remanded to the Appeals Council of the Social Security Administration. Oral argument was held before the Appeals Council on September 27, 1993. In answering this court's directed question, the Appeals Council determined that res judicata did not apply to the Commissioner because the Commissioner was not a "party" to the action under 42 U.S.C. § 405(h).[1] The Appeals Council found that 42 U.S.C. § 405(h) could not be applied against the Commissioner and that the Commissioner could not be barred from reconsid-

---

1. Section 405(h) reads in pertinent part:
   The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal or governmental agency except as herein provided.

ering an issue. The Appeals Council also found that the Commissioner is not a party to the benefits determination and therefore cannot be bound under the principles of res judicata. Therefore, the Appeals Council denied Drummond's claim for DIB. The decision of the Appeals Council is the final decision of the Social Security Administration in this matter.

Drummond then filed suit a second time in the District Court for the Eastern District of Kentucky seeking judicial review of the Administration's decision. Following the Commissioner's motion for summary judgment the district court affirmed the decision of the Administration finding that "administrative *res judicata* does not apply to the Commissioner when a transitory condition such as health is involved...." This appeal follows.

At oral argument, Drummond argued that res judicata applied, relying on the Fourth Circuit's decision in *Lively v. Secretary of Health & Human Servs.*, 820 F.2d 1391 (4th Cir.1987). The Commissioner argued that it was not precluded from making new findings on subsequent applications under 42 U.S.C. § 405(h). During oral argument the panel requested supplemental briefing on the issue of res judicata directing the parties' attention to Section 83 of the *Restatement (Second) of the Law of Judgments* and Section 13.3 of *Administrative Law Treatise* by Kenneth Culp Davis and Richard J. Pierce, Jr. (3d ed.1994).

## II.

We address two issues on appeal: the preclusive effect of the initial ALJ determination on the subsequent assessment made by the Commissioner, and whether sufficient evidence exists to support the Commissioner's decision that Drummond was not disabled.

◼ This court's review of the decision of the Social Security Administration is limited by 42 U.S.C. § 405(g) which circumscribes a reviewing court to a determination of whether substantial evidence supports the Commissioner's decision. "Where the record as a whole contains substantial evidence to support the Secretary's determination, the Secretary's decision must be affirmed." *Stanley*

*v. Secretary of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir.1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401, 91 S.Ct. at 1427 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)).

## III.

### A.

◼◼ We first turn to the issue of res judicata. Res judicata is a common-law concept which prescribes that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980) (citing *Cromwell v. County of Sac*, 94 U.S. (4 Otto) 351, 352, 24 L.Ed. 195 (1876)). Res judicata and the related concept of collateral estoppel (which refers to issue preclusion) are intended to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id.* (citing *Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 973–74, 59 L.Ed.2d 210 (1979)). Res judicata bars the relitigation of the same claim or cause of action while collateral estoppel bars the relitigation of the same issue.

Courts have traditionally applied the concept of res judicata to decisions by administrative agencies when a final judgment has been reached. "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose." *United States v. Utah Const. & Mining Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966).

The Commissioner argues that res judicata does not apply against the Social Security Administration because it was not a party to

the proceedings before the ALJ. Thus, the Administration contends that because it did not participate in the hearing before the ALJ and represent its interests, it cannot be bound by the decision of the ALJ. However, it appears that the Commissioner concedes that res judicata does apply to Drummond and prohibit her from relitigating claims that have been previously determined. However, the Commissioner cannot have it both ways. This appears to be an instance of the Commissioner attempting to "have its cake and eat it too."

■ Social security claimants are bound by the principles of res judicata. *See Cottrell v. Sullivan,* 987 F.2d 342, 344 (6th Cir.1992); *Carver v. Secretary of Health & Human Servs.,* 869 F.2d 289, 291 (6th Cir.1989). The Commissioner's regulations provide that a claimant's request for a hearing before an ALJ can be dismissed on the basis of res judicata. *See* 20 C.F.R. § 404.957(c)(1) (stating that an ALJ can dismiss a request for a hearing because "the doctrine of res judicata applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and the same issue or issues, and this previous determination has become final by either administrative or judicial action"). The doctrine of res judicata has been commonly applied in social security cases with the exception of cases that present "a colorable constitutional issue." *Carver,* 869 F.2d at 292.

■ Res judicata applies in an administrative law context following a trial type hearing. *See* 2 *Kenneth Culp Davis & Richard J. Pierce, Jr., Administrative Law Treatise § 13.3* (3d ed. 1994) ("When an agency conducts a trial-type hearing, makes findings, and applies the law, the reasons for treating its decision as res judicata are the same as the reasons for applying res judicata to a decision of a court that has used the same procedure.") In the instant case, the first hearing before the ALJ was a trial-type hearing. A hearing before a social security ALJ is similar to a judicial trial but differs because the Commissioner is not represented and the claimant is rarely represented by counsel. However, an ALJ hearing approximates a judicial trial in one important aspect:

it serves as an adjudication of whether a claimant is entitled to social security benefits. The ALJ hearing resolves a disputed fact—whether a particular claimant is entitled to social security benefits. The claimant has the opportunity to present evidence in support of his or her claim that he or she deserves social security benefits.

■ A decision concerning a claimant's eligibility for social security benefits is an "initial determination" under the social security regulations. 20 C.F.R. § 404.902. An initial determination is binding unless the claimant requests reconsideration or the Commissioner revises its decision. 20 C.F.R. § 404.905. An initial determination is subject to the doctrine of administrative res judicata. *See Draper v. Sullivan,* 899 F.2d 1127, 1130 (11th Cir.1990) (rejecting the Commissioner's argument that res judicata did not apply because the Social Security Administration was not acting in a judicial capacity and the parties did not have an opportunity to litigate the issues).

■ Section 405(h) is intended to give finality to the decision of the Social Security Administration. Decisions made by the Administration cannot be repeatedly reconsidered. In *Lively v. Secretary of Health & Human Servs.,* 820 F.2d 1391 (4th Cir.1987), the Fourth Circuit found that administrative res judicata applied against the Commissioner based on facts similar to those in the case at bar. In *Lively,* plaintiff Joseph Lively applied for disability benefits and was denied benefits because it was determined that he retained the RFC to perform work at a light exertional level. *Id.* at 1391. Following evaluation by an ALJ and an appeal to the Appeals Council, the decision to deny benefits was affirmed and became a final decision. Several weeks after the final decision Lively turned 55 years of age which qualified him as an individual of "advanced age" under the regulations. *Id.* at 1392 (citing 20 C.F.R. § 404.1563(d)). An individual of advanced age with Lively's work limitations would be entitled to benefits. Lively then filed a second application for benefits. *Id.* His claims were denied initially and following a second hearing before an ALJ, the ALJ found that

Lively was able to perform work at the medium exertional level. *Id.*

On appeal, the Fourth Circuit found that the Commissioner was bound by the finding of the first ALJ. The court further found the record devoid of evidence that Lively's condition had improved within the span of two weeks thus enabling him to perform work at the medium exertional level. *Id.* The court found that principles of fairness and finality vitiated against the Commissioner's different finding based on a two week period:

> Principles of finality and fundamental fairness drawn from § 405(h), ... indicate that the Secretary must shoulder the burden of demonstrating that the claimant's condition had improved sufficiently to indicate that the claimant was capable of performing medium work.... [T]here was no evidence of any such miraculous improvement, and ... such evidence, not considered in the earlier proceeding, would be needed as an independent basis to sustain a finding contrary to the final earlier finding.

*Id.* (citation omitted).

■ We find the reasoning of the *Lively* court persuasive. Absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ. We reject the Commissioner's contention that the Social Security Administration has unfettered discretion to reexamine issues previously determined absent new and additional evidence. To allow the Commissioner such freedom would contravene the reasoning behind 42 U.S.C. § 405(h) which requires finality in the decisions of social security claimants. Just as a social security claimant is barred from relitigating an issue that has been previously determined, so is the Commissioner.

In reaching this conclusion, in addition to the Fourth Circuit's decision in *Lively*, we rely on precedent from this circuit. In *Dennard v. Secretary of Health & Human Servs.*, 907 F.2d 598, 600 (6th Cir.1990) (per curiam), this court held that a second ALJ was precluded from reconsidering whether plaintiff Dennard could perform his past relevant work. The court held that the Commissioner had determined that Dennard could

not return to his past work as a resident care aide and reversed the decision of the district court finding that the subsequent ALJ's who heard the case "reconsidered the nature and extent of Dennard's exertional level ..." *Id.*

In *Senters v. Secretary of Health & Human Servs.*, No. 91–5966, 1992 WL 78102 (6th Cir. Apr. 17, 1991) (per curiam), an unpublished decision, this court discussed the reasoning in *Lively* and *Dennard* and found that the case was distinguishable because there was evidence that the claimant's medical condition had improved, thus enabling him to perform work at a higher exertional level. The court examined the results of Plaintiff's stress tests following heart bypass surgery and found that his exercise level had doubled. 1992 WL 78102, at *2. As a result the court found "a substantial improvement in plaintiff's functional capacity subsequent to October 30, 1987, the date of the previous decision." *Id.* The court found that because the Commissioner had demonstrated, based on objective medical evidence, a substantial improvement in the claimant's condition, the Commissioner was not bound by its previous conclusion that the claimant could only perform light work. *Id.* 1992 WL 78102 at *3.

■ *Lively, Dennard,* and *Senters* clearly demonstrate that the principles of res judicata can be applied against the Commissioner. When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances. *See Lively, Dennard, Senters, supra; see also Hardy v. Chater,* 64 F.3d 405, 407 (8th Cir.1995) ("[U]nlike the ALJ in [*Gavin v. Heckler, infra* ], ALJ Swihart [the second ALJ] did not reevaluate the evidence before ALJ Strothman [the first ALJ]...." In these circumstances, collateral estoppel does not apply); *Gavin v. Heckler,* 811 F.2d 1195, 1200 (8th Cir.1987) ("It appears that the ALJ has reevaluated the evidence presented at the 1979 hearing. The doctrine of collateral estoppel, applicable here, forbids this."); *Wilson v. Califano,* 580 F.2d 208, 211 (6th Cir.1978) (once a decision on a disability claim becomes final, "if it is not appealed to the district court pursuant to 42 U.S.C.

§ 405(g), it may not be reviewed by the district court as part of another subsequent decision by the Secretary."). As a result, we reject the Commissioner's contention that the doctrine of res judicata does not apply against the Commissioner because he or she is not a party in the administrative proceeding.

The burden is on the Commissioner to prove changed circumstances and therefore escape the principles of res judicata. It is now necessary to determine whether the Commissioner has satisfied this burden.

### B.

 The record indicates that rather than an improvement in Drummond's condition, her condition actually worsened. The only medical evidence for the time period between the two hearings is the July 1989 report of Drummond's treating physician, Dr. Parks. Dr. Parks found that "[s]ince [August 1987] [Drummond] has had continual 'burning pain' around her right sacroiliac joint area and particularly in the area of the coccyx since her last fall.... It was my impression that she had degenerative disc disease with osteoarthritis and exogenous obesity as an aggravating factor, she weighs 222 lbs." Additionally, Dr. Parks's treatment records indicate that Drummond's weight escalated to 236 pounds by May 7, 1990.

It is apparent that substantial evidence was not introduced that Drummond's condition improved significantly between the two hearing dates. As a result, we conclude that the second ALJ was bound by the determination that Drummond retained the RFC for sedentary work. Due to Drummond's change in age, at the time of her second application she was 50 years old which is classified as a "person approaching advanced age," 20 C.F.R. § 404.1563(c), and with a RFC for sedentary work, she is entitled to DIB benefits under the Commissioner's regulations.

### IV.

The ALJ's decision that Drummond is not disabled is not supported by substantial evidence. The Commissioner is bound by its previous decision limiting Drummond to sedentary work. Because she was age 50 at the time of her second disability application, she should have been awarded benefits. For the reasons stated herein, we **REVERSE** the decision of the district court granting the Commissioner's motion for summary judgment and **REMAND** with instructions for the district court to remand the case to the Commissioner for an award of benefits.