**Bobby M. WATSON, Jr., Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 01–1459.

United States Court of Appeals, Sixth Circuit.

June 21, 2002.

Before NORRIS and BATCHELDER, Circuit Judges; FORESTER, District Judge.*

*ORDER*

Bobby M. Watson, Jr., proceeding pro se, appeals a district court judgment that affirmed the Commissioner's 1998 denial of his application for social security disability benefits. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In his timely appeal, Watson argues that, because an administrative law judge determined that he was disabled in a decision rendered in March 2001, the district court judge erred in affirming a March 1998 decision that he was not disabled. Both parties have filed briefs.

Watson's appeal is frivolous. That he was determined to be disabled in March 2001 has no bearing on whether he was disabled three years earlier. The Commissioner treats later-filed applications as separate claims, which is "eminently logical and sensible, reflecting the reality that the mere passage of time often has a deleterious effect on a claimant's physical or mental condition." *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 476 (4th Cir.1999).

Watson's theory of legal error is essentially an effort to invoke retroactive claim preclusion, which makes no sense. "Res judicata bars attempts to relitigate the same claim, but a claim that one became disabled in 1990 is not the same as a claim that one became disabled in 1994." *Groves v. Apfel*, 148 F.3d 809, 810 (7th Cir.1998).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.