**Ondie WIREMAN, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant– Appellee.**

No. 02–5612.

United States Court of Appeals, Sixth Circuit.

March 19, 2003.

Before MARTIN, Chief Judge; KENNEDY and DAUGHTREY, Circuit Judges.

*ORDER*

Ondie Wireman appeals a district court judgment affirming the Commissioner's

denial of his application for social security disability insurance benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Wireman filed an application for social security disability insurance benefits and for supplemental security income benefits alleging that he was disabled due to a heart condition, shortness of breath, pain, spinal stenosis, nervousness, impaired breathing, mental impairments, and emotional problems. During multiple administrative hearings and remands, Wireman was awarded supplemental security income benefits. However, he was consistently denied social security disability insurance benefits as each administrative law judge (ALJ) found that he was not disabled prior to the expiration of his insured status on September 30, 1979. Ultimately, the final ALJ decision found that Wireman was not disabled because he could perform a substantial number of jobs in the economy. The Appeals Council declined to review the ALJ's determination. Wireman then filed a complaint seeking judicial review of the Commissioner's decision. The district court subsequently granted judgment to the Commissioner.

█ Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989).

Wireman contends that the evidence establishes that he became disabled prior to September 30, 1979, when his insured status expired. Wireman argues that the most recent ALJ decision regarding his residual functional capacity is erroneous as it does not adopt the findings of a previous ALJ decision. Specifically, Wireman argues that the Commissioner was bound by the findings of ALJ Cogan who issued the January 1990 and February 1992 hearing

decisions which were later vacated. ALJ Cogan's 1990 hearing decision found that Wireman did not have a severe impairment prior to September 30, 1979. In his February 1992 decision, ALJ Cogan found that prior to September 30, 1979, Wireman could perform a limited range of light work. Wireman's ability to perform a full range of light work was limited by the requirement that he avoid exposure to atmospheres containing excessive amounts of dust, gases, or fumes. ALJ Cogan did find Wireman disabled as of February 1, 1989. However, the limitations noted to be present at the time of the January 1990 and February 1992 decisions were not relevant to the limitations present when Wireman's insured status expired in September 1979.

Wireman's reliance on *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir.1997), is misplaced. *Drummond* addressed the question of when a claimant has filed two different applications and the ALJ's decision on the first application has become final. The court held in *Drummond* that absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ. *Id.* at 842. Thus, an ALJ addressing a claimant's subsequent application is bound by the findings of a prior final decision. In this case, ALJ Cogan's findings did not involve a different application nor a "final" decision. The only final decision in this case is the March 15, 2000, hearing decision which is now before this court. All other decisions relevant to Wireman's social security disability insurance benefits never became final as they were vacated pursuant to remands for further proceedings. Therefore, Wireman's contention that the ALJ was bound by the findings of ALJ Cogan is meritless.

█ In his conclusion, Wireman refers to evidence which he attached to his mo-

tion for summary judgment that he submitted to the district court. However, evidence which is not presented to the ALJ cannot be considered by the court. *See Cotton v. Sullivan,* 2 F.3d 692, 695–96 (6th Cir.1993).

Accordingly, we affirm the district court's judgment.