Virginia K. ASBURY Plaintiff–
Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY Defendant–
Appellee.

No. 01–4170.

United States Court of Appeals,
Sixth Circuit.

Nov. 21, 2003.

James Roy Williams, Young, Reverman & Mazzei, Cincinnati, OH, for Plaintiff–Appellant.

Edward J. Kristof, Social Security Administration, Office of the General Counsel, Chicago, IL, James E. Rattan, Asst. U.S. Atty., U.S. Attorney's Office, Columbus, OH, for Defendant–Appellee.

Before NORRIS, DAUGHTREY, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge.

Virginia Asbury applied for and was denied social security disability insurance benefits for the period ending May 23, 1995. Asbury then filed a second application for benefits, and the Social Security Administration granted Asbury benefits beginning on May 24, 1995. Asbury now appeals the denial of her first application, asserting that the Administrative Law Judge (the "ALJ") erred by not applying principles of administrative resjudicata to bind the Commissioner with respect to the disability finding under her second application absent a showing of changed circumstances. Alternatively, Asbury argues that the ALJ's decision to deny her benefits under her first application is not supported by substantial evidence. We conclude that the Administration was not

required to make an affirmative showing of changed circumstances prior to May 24, 1995, and that the ALJ's decision is supported by substantial evidence. Consequently, we affirm the Commissioner's decision to deny benefits to Asbury for the period from October 27, 1993 to May 23, 1995.

On March 24, 1994 Asbury filed an application for social security disability benefits (the "first application"), alleging that since October 27, 1993 she had been unable to work due to a combination of physical and mental impairments. Asbury's application was initially denied and Asbury requested a hearing. After a hearing on May 23, 1995, an ALJ found that Asbury was not disabled and denied Asbury benefits by a decision rendered on August 22, 1996. The Appeals Council of the Social Security Administration (the "Appeals Council") denied Asbury's request for review of the decision, and the ALJ's decision became the decision of the Commissioner. 20 C.F.R. § 404.984(b)(2). Asbury then filed an action for review of the Commissioner's decision in the United States District Court for the Southern District of Ohio pursuant to 42 U.S.C. § 405(g).

On September 24, 1996, Asbury filed a second application for disability, again alleging a disability-onset date of October 27, 1993. The Social Security Administration awarded Asbury benefits by an initial determination based upon the second application, finding that Asbury was disabled due to psychological impairments stemming from her affective and anxiety-related disorders. The Administration concluded that the onset date could be no earlier than the day after the ALJ's May 23, 1995 denial of benefits.

During the district court's review of the ALJ's denial of the first application, As-

bury presented evidence of the award of benefits based on her second application. The parties stipulated that the issues before the district court, i.e., issues relating to the first application, should be remanded to the Appeals Council for consideration of the new evidence pursuant to 42 U.S.C. § 405(g). On this remand, the Appeals Council remanded the matter to the ALJ for additional proceedings based on the new evidence. Initially, the Appeal Council's remand order directed the ALJ to consider the entire period covered by both applications. Asbury, however, objected to the scope of this order, arguing that the Appeals Council did not have jurisdiction over the second application and that it had no basis to reopen the second application. The Appeals Council agreed with Asbury, and clarified that on remand the ALJ was to consider only whether, "a favorable action was warranted on the prior [, i.e., first] application," thus limiting the inquiry to the period between October 27, 1993, Asbury's alleged onset date under both applications, and May 23, 1995, the day before Asbury was granted benefits under her second application.

On October 16, 1998, the ALJ conducted another hearing to collect additional evidence, including further testimony from Asbury and a vocational expert. On February 10, 1999, the ALJ issued his decision, finding that Asbury was not disabled at any time during the relevant period. The ALJ found that Asbury was able to perform a limited range of sedentary work during the period despite her physical and mental impairments and that Asbury could perform jobs that existed in significant numbers in the economy. The ALJ's decision became the Commissioner's final decision on Asbury's first application for benefits, pursuant to 20 C.F.R. § 404.984(b)(2), when the Appeals Council found no basis

to assume jurisdiction in Asbury's exceptions to the decision. After Asbury filed another civil action for review in the Southern District of Ohio, both the magistrate judge and the district court judge concluded that substantial evidence supported the final decision. The district court, therefore, affirmed the ALJ's decision. Asbury now appeals. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

## I. Standard of Review

Our review of the Secretary's denial of benefits is limited by 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Thus, "[w]here the record as a whole contains substantial evidence to support the Secretary's determination, the Secretary's decision must be affirmed." *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir.1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842(1971)). We also review whether the Commissioner applied the correct legal standards. *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

II. There Was No Error in the ALJ's Failure to Give Controlling Effect to the Administration's Determination that Asbury Was Disabled Under Her Second Application in Considering Asbury's First Application for Benefits.

■ Contrary to Asbury's arguments, there was no error in the ALJ's failure to give controlling effect to the Administration's determination that Asbury was disabled under her second application in determining whether Asbury was disabled during the period alleged in her first application. In *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), we held that when a final decision has been made concerning an applicant's entitlement to benefits, the Commissioner is bound by that determination, absent changed circumstances. *Id.* at 842–43. The rationale of this rule is found in an analogy to common law principles of res judicata. *See id.* at 840–41. The Commissioner may avoid the controlling effect of the prior determination if the Commissioner shows that circumstances have changed, with the Commissioner bearing the burden of persuasion on the issue. *Id.*[1]

Here, Asbury points out that the Administration granted her benefits under her second application, finding that she was disabled on May 24, 1995. Asbury argues

---

**1.** The Commissioner argues that a *Drummond* administrative res judicata analysis cannot arise from the Commissioner's grant of benefits based on Asbury's second application because such an analysis only applies where, unlike in this case, the earlier, relied-upon agency decision was one made by an ALJ or the Appeals Council. We recognize that the applicability of the *Drummond* analysis is not clear with respect to administrative decisions that do not follow "trial-type" hearings. *Compare Knight v. Comm'r of Soc. Sec.*, No. 98–5573, 1999 WL 1111513, at *1, *4 (6th Cir. Nov.24, 1999) (applying the *Drummond* rule to a reconsideration after an initial deter-

mination); *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 841 (6th Cir.1997) (noting "[a]n initial determination is subject to the doctrine of administrative res judicata"), *with Rogers v. Comm'r of Soc. Sec.*, No. 99–5650, 2000 WL 799332, at *5 (6th Cir. June 9, 2000) (unpublished) (assuming that *Drummond* applied, although first noting that *Drummond* only "suggest[ed] in dicta that an initial determination is binding and subject to the doctrine of administrative res judicata"). Given our conclusion, however, we need not address this issue and assume, as the court did in *Rogers*, that administrative res judicata analysis applies with respect to initial determinations.

that this decision, which is final, precludes the Commissioner from determining that she was not disabled under her first application—presumably back to her alleged disability onset date of October 27, 1993—absent a showing of changed circumstances. Asbury contends that the Commissioner did not demonstrate that Asbury's condition changed between May 23, 1995 and May 24, 1995, and that the ALJ erred by denying her benefits under her first application absent such a showing.

As we hold in the next section, substantial evidence supports the Commissioner's decision when considered without giving controlling effect to the Commissioner's resolution of the second application. Asbury seeks in effect to bootstrap her success on the second application so as to require the Commissioner to find disability for the earlier period unless the agency can demonstrate a change in her condition. The Commissioner agrees that once the Administration has found disability for the later period, it may not reconsider that determination during a reconsideration regarding the earlier period. But it does not follow that the Commissioner is therefore required to determine disability for the earlier period on the assumption that Asbury was actually disabled during the entire second period. The Administration may reasonably find, based on a reassessment of all the facts, that a claimant in this situation did not have an onset of disability until well *after* the second period started. Because of the procedural posture, the Administration would then have to limit its finding of no-disability to the period up until the start of the second period. Such a conclusion would not be contradictory or unsupported by substantial evidence. It would merely be the result of finding that disability did not start until some time after the second period started, along with the lack of any authority to find when that subsequent date was. It would be an artificial exaltation of form over substance to turn the requirement that the Administration cannot reconsider facts underlying the later period into a requirement that the same facts must be accepted for earlier periods as to which the binding administrative decision does not apply.[2]

*Knight v. Commissioner of Social Security*, No. 98–5573, 1999 WL 1111513 (6th Cir. Nov. 24, 1999) (unpublished), relied upon by Asbury, is not to the contrary. In

---

**2.** This analysis is not at odds with *Drummond*, which is distinguishable. In *Drummond*, we held that an ALJ's factual determination that the claimant retained the residual functional capacity for sedentary work, made in connection with an ultimate finding that the claimant was not disabled, was controlling with regard to an ALJ's subsequent determination of residual functional capacity for a later period, absent a showing of changed circumstances by the Commissioner. *See Drummond*, 126 F.3d at 838–39, 842. *But see Rogers*, 2000 WL 799332, at *5 (holding that a factual finding favorable to the claimant, made in connection with an ultimate finding of disability, was not controlling in a subsequent determination because the Commissioner, as the victorious party, could not have appealed the issue even if the Commissioner had so desired). The holding in *Drummond* reflects "the reality that the mere passage of time often has a deleterious effect on a claimant's physical or mental condition," *Albright v. Comm'r of Soc. Sec.*, 174 F.3d 473, 476 (4th Cir.1999), and that as a result of this deterioration, people who become disabled often never recover from their disability. The same may not be said where, as here, the claimant argues that the finding of disability is controlling with regard to whether she was disabled during a *prior* period. A claimant must have enough social security earnings to be eligible for social security disability insurance, *see* 20 C.F.R. § 404.315, meaning that at sometime prior to the claimant's disability, the claimant was able to engage in substantial gainful activity, and was not, therefore, disabled, *see* 20 C.F.R. § 404.1505. Thus, the practical considerations that undergird giving controlling effect to the determination in *Drummond* are not present in Asbury's case.

*Knight*, the claimant, Mary Knight, initially filed an application for benefits on February 12, 1992; the application was denied by an initial determination, and Knight did not seek review of that denial. *Id.* at *1. Knight later filed a second application on September 3, 1993, alleging an onset date of February 12, 1992. *See id.* On the second application, the Administration granted Knight benefits based on a disability established as of September 1, 1993. *See id.* at *1; *id.* at *4 (Welford, J., dissenting). Knight then challenged the Administration's findings with regard to her disability onset date under the second application, arguing that she was disabled as of February 12, 1992. *See id.* at *3. In reviewing the evidence before the ALJ, we held (1) that the Commissioner was bound by the Administration's determination that Knight was disabled as of September 1, 1993, *see id.* at *3 & n. 3 (citing *Drummond*, 126 F.3d at 842), and (2) that there was insufficient evidence that Knight was not disabled during some time within the eighteen month period between February 1992, the month in which Knight had previously failed to demonstrate a disability, and September 1993, the month in which

she was initially found disabled, *see id.* at *3.

The claimant in *Knight* did not dispute the Commissioner's determination regarding the period prior to February 12, 1992. The holding in *Knight* thus says nothing about whether the Administration may limit its consideration of disability to periods not already previously resolved, without having the burden of showing changed circumstances. *See id.* at *1, *3; *see also id.* at *4 (Welford, J., dissenting) (noting that the decision on the first application "at the very least, definitively established that" Knight was not disabled as of February 1992); *Bogle v. Sullivan*, 998 F.2d 342, 346 (6th Cir.1993) ("[T]he Secretary may apply the doctrine of res judicata to bar an award of benefits for a period of disability for which a previous application for disability has previously been denied."). The period at issue in *Knight* was *between* the first (denied) period and the second (granted) period. The period at issue in this case *is* the first (denied) period. Moreover, the *Knight* case was a review of the onset date for the *second* period, while this case is a review of the denial of the *first* period. *Knight* simply cannot be read to support Asbury's argument.[3]

**3.** Asbury also contends that the Administration improperly determined her disability–onset date under Social Security Ruling 83–20, arguing that but for the action pending on the first application, the Administration would have been willing to find Asbury disabled as of October 27, 1993 under her second application. The Ruling, with regard to the onset of non-traumatic disabilities, provides that "the determination of onset involves consideration of the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity. The weight to be given any of the relevant evidence depends on the individual case." S.S.R. 83–20 (Cum.Ed. 1983–1991). The Ruling also provides that the claimant's alleged onset date "is significant in determining onset only if it is consistent with the ... medical evidence." *Id.*

This argument, however, improperly assumes that in this case the Administration

must consider the two time periods implicated by Asbury's two applications together. The Administration considered two distinct applications for disability here, and in view of how the applications were presented, it was entitled to consider the two applications independently. *See Watson v. Comm'r of Social Security*, No. 01–1459, 2002 WL 1363557, at *1, 40 Fed.Appx. 896 (6th Cir. June 21, 2002) ("The Commissioner treats later-filed applications as separate claims, which is eminently logical and sensible ...." (quotation omitted)). To the extent that Asbury sought to establish an onset date in her first application, there was never a finding of disability during that period, and Ruling 83–20 "applies only when there has been a finding of disability and it is necessary to determine when the disability began." *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir.1997). To the extent that Asbury sought to establish an onset date in her second application that over-

III. The ALJ's Determination that Asbury Was Not Disabled for the Period Between October 27, 1993 and May 23, 1995 Was Supported by Substantial Evidence.

 Asbury argues, in the alternative, that the ALJ's decision that she was not disabled during the period between October 27, 1993, and May 23, 1995, was not supported by substantial evidence. Asbury points to several alleged defects in the ALJ's analysis, including an allegation that the ALJ erred in evaluating the credibility of Asbury's subjective complaints of pain and the psychological basis for such pain. Having carefully considered the record on appeal and the parties' briefs, we are persuaded that substantial evidence supports the ALJ's conclusion that Asbury did not demonstrate that she was disabled during the relevant period. Because the district court's opinion details the substantial evidence in the record that supports the ALJ's decision with regard to the issue of Asbury's disability during the relevant period, we find that it would be duplicative and serve no useful purpose to address the issue further.

### CONCLUSION

For the foregoing reasons we affirm the judgment of the district court.

lapped with the time period considered under her first application, she was seeking to relitigate in a duplicative manner the Administration's determination with respect to the first application. The Administration could properly determine issues regarding the time period covered under the first application exclusively pursuant to its consideration of the first application, and the Administration apparently so decided. *See* J.A. at 377.