**Peggy HENSLEY, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 03–5712.

United States Court of Appeals,
Sixth Circuit.

July 7, 2004.

**678**

Leonard J. Stayton, Inez, KY, for Plaintiff–Appellant.

John S. Osborn, III, Asst. U.S. Attorney, U.S. Attorney's Office, Lexington, KY, Laurie G. Remter, Dennis R. Williams, Mary Ann Sloan, Nancy Y. Jordak, John C. Stoner, William Hogan, Social Security Administration, Office of General Counsel, Atlanta, GA, for Defendant–Appellee.

Before MOORE, SILER, and BALDOCK, Circuit Judges.*

## OPINION

BALDOCK, Circuit Judge.

Plaintiff Peggy Hensley appeals from a denial of her claim for supplemental security income (SSI) benefits. Plaintiff filed a SSI application with the Social Security Administration in March 2000. The Administration denied the application. Plaintiff thereafter requested a hearing with an Administrative Law Judge (ALJ). The ALJ also denied Plaintiff's request for SSI benefits, finding Plaintiff was not "disabled" within the meaning of the Social Security Act because her condition did not prevent her from performing substantial

gainful activity. The Appeals Council affirmed. The district court, in a thorough order, affirmed. The court held substantial evidence in the record supported the ALJ's decision denying SSI benefits. On appeal, Plaintiff argues the ALJ failed to (1) properly consider her mental impairments, (2) find she suffered from a severe back impairment, and (3) properly consider her syncopal episodes.[1]

We review the ALJ's decision under 42 U.S.C. § 405(g) "to determin[e] whether there is substantial evidence in the record to support the findings." *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir.1986). " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir.1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Further, we defer to an agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

After a complete review of the briefs, hearing oral argument, and a careful review of the record, we hold substantial evidence supports the ALJ's finding that Plaintiff was not disabled. First, the ALJ properly considered the reports and conclusions of various physicians, psychologists, and treatment facilities in his analysis of Plaintiff's mental impairments. Based upon this evidence, the ALJ concluded Plaintiff suffered from severe de-

---

* The Honorable Bobby R. Baldock, United States Court of Appeals for the Tenth Circuit, sitting by designation.

1. A syncopal episode is a fainting spell caused by a "brief loss of consciousness associated

with an inadequate flow of oxygenated blood to the brain." Webster's College Dictionary 1355 (1992).

pression, anxiety, and syncope. Second, the ALJ was not required to find Plaintiff suffered from a severe back impairment because the medical evidence showed her condition had improved. *See Drummond v. Comm'r of Soc. Sec.,* 126 F.3d 837, 842 (6th Cir.1997). Lastly, substantial evidence in the record supports the ALJ's finding that Plaintiff's credibility was poor. The record reflects several physicians were concerned about Plaintiff's "exaggeration" of her syncopal episodes. *See Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir.1984) (explaining the ALJ assesses and determines a claimant's credibility).

For substantially the same reasons the district court stated in its order thoroughly analyzing the facts and circumstances in the record, we AFFIRM the district court's decision that the ALJ's findings were supported by substantial evidence.