**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0159n.06**
**Filed: February 28, 2006**

**No. 05-1699**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| ALDEN EALY, | ) |
| | ) |
| *Plaintiff-Appellant*, | ) |
| | ) On Appeal from the United States |
| v. | ) District Court for the Eastern |
| | ) District of Michigan |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| *Defendant-Appellee*. | ) |

Before: **BOGGS, Chief Judge; BATCHELDER**, **Circuit Judge**; and **WEBER, District Judge**.[*]

**PER CURIAM.**

Plaintiff-Appellant Alden Ealy appeals a district court judgment affirming the Commissioner's denial of Ealy's application for supplemental security income [SSI] benefits. The parties waived oral argument pursuant to Sixth Circuit Rule 34(j). Upon review, this panel unanimously agrees that oral argument is unnecessary. Fed. R. App. P. 34(a).

Ealy first applied for SSI benefits related to back pain in 1997. Following a hearing, an administrative law judge [ALJ] issued a July 23, 1999, decision determining that Ealy was not eligible for such benefits. The ALJ found that Ealy had the residual functional capacity "to perform the physical exertion and nonexertional requirements of [sedentary] work except for a sit/stand option, and no repetitive bending, twisting or turning." As the Appeals Council declined to review the ALJ's determination and Ealy did not seek judicial review, that determination constituted a final

---

[*]The Honorable Herman J. Weber, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

decision.

In February 2001, Ealy filed the subsequent SSI application now at issue, alleging a disability stemming from the same herniated disc identified in his earlier claim. After an initial denial, Ealy requested and received a hearing before ALJ Douglas N. Jones, who determined that Ealy was not disabled because he was a "younger person" who retained the ability to perform work that exists in significant numbers in the national economy.[1] Ealy then filed a complaint seeking review of the Commissioner's decision, and the parties filed cross motions for summary judgment in that action. Adopting the magistrate judge's report and recommendation, the district court ordered that the Commissioner's motion for summary judgment be granted, and that Ealy's motion for summary judgment be denied.

This court applies a *de novo* standard of review to social security cases in which the district court granted summary judgment. *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1069 (6th Cir. 1992). Under the deferential standard of review applicable to the Commissioner's findings, however, those findings are deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *see also Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). Substantial evidence is more than a scintilla but less than a preponderance of evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). Even if the reviewing court might have arrived at a different conclusion, it must affirm the administrative decision if that decision is supported by substantial evidence. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. *See Brainard*, 889 F.2d at 681. Ealy first argues that both ALJ Jones and the district court

---

[1] The parties agree that the ALJ's determination qualifies as a final decision.

2

erroneously gave *res judicata* effect to the prior ALJ decision, in misplaced reliance on *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997). The record, however, suggests that ALJ Jones correctly recognized that under *Drummond*, the prior ALJ's findings regarding Ealy's limitations could not be discounted to Ealy's detriment "absent evidence of improvement in a claimant's condition." Rather than relying on the prior ALJ's determination regarding Ealy's residual functional capacity in 1999, ALJ Jones then proceeded to review the evidence offered in support of Ealy's 2001 application. While allowing that the new evidence suggested deterioration in Ealy's condition since 1999, the ALJ nevertheless determined independently that Ealy still retained the residual functional capacity "to perform sedentary work . . . that provides the option to sit or stand at will, involves no operating foot controls with the left leg, only occasional bending at the waist or knees, occasional twisting of the torso, occasional kneeling, occasional climbing stairs, no climbing ladders, and no exposure to unprotected heights or hazardous machinery." The record does not demonstrate that *Drummond* was misapplied.

Contrary to Ealy's assertion, the record also does not necessitate a finding that the ALJ failed to give due weight to the opinions of Ealy's treating physician in reaching that decision. The ALJ detailed Dr. Armovit's diagnoses, recommendations, and opinions regarding Ealy's physical limitations. But despite Dr. Armovit's evidence, the ALJ noted that Ealy's claimed limitations "were not fully credible" because they were "inconsistent with the objective medical evidence, the lack of more aggressive medical treatment . . . and the claimant's ordinary activities." He also noted that Ealy had been "observed to exaggerate his symptoms" during one examination. The record therefore contains substantial evidence to support the Commissioner's conclusion that Ealy did not qualify for disability benefits.

Accordingly, we affirm the district court's judgment.