NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1034n.06

No. 12-5179

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Sep 27, 2012*

DEBORAH S. HUNT, Clerk

| | |
|---|---|
| MARTHA PERRY, For G.D., Jr., a minor, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| COMMISSIONER OF SOCIAL SECURITY, | ) TENNESSEE |
| | ) |
| Defendant-Appellee. | ) |
| | ) |

Before: COLE and KETHLEDGE, Circuit Judges; THAPAR, District Judge.[*]

KETHLEDGE, Circuit Judge. Martha Perry asks us to review a district court's judgment that substantial evidence supported the decision of an administrative law judge to deny her son, G.D., disability benefits under the Social Security Act. We affirm.

I.

G.D. was born May 23, 1995, the same day of the alleged onset of his attention deficit hyperactivity disorder (ADHD) disability. In May 2005, G.D. underwent a psychological evaluation by Kurt D. Openlander, Ph.D. Dr. Openlander's examination noted that G.D. did not demonstrate signs of ADHD, but did demonstrate oppositional behavior. R. 235. Six months later, Perry filed an application for disability benefits.

---

[*]The Honorable Amul Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

In January 2007, an ALJ ruled on the disability application. The ALJ initially determined that G.D.'s "medically determinable impairments could reasonably be expected to produce the alleged [ADHD] symptoms." R. 81. But the ALJ then found that those impairments did not result in "marked limitations" in "two domains of functioning," as the regulations required. *See* 20 C.F.R. § 416.926a(a), (e)(2)(i). He discounted a report by Dr. Openlander that G.D. suffered severe impairment in the domain of interacting and relating with others. *See Id.* § 416.926a(i)(3). Moreover, he considered—but gave no weight to—the opinion of G.D.'s special education teacher, Garrett Jackson. *See Id.* § 416.913. The ALJ concluded that G.D. did not suffer a marked limitation in any of the six domains. *See Id.* § 416.926a(b)(1).

On January 25, 2008, Perry again filed an application for disability benefits on behalf of G.D. The claim was denied initially and upon reconsideration. A hearing was held before an ALJ on March 4, 2010, and a different ALJ concluded, on the basis of res judicata, that G.D. was not disabled under the Act. R. 16. The Appeals Council denied Perry's request for review and Perry thereafter sought review in federal district court. The district court rejected all of Perry's arguments and affirmed the ALJ's decision.

This appeal followed.

## II.

Our review is limited to determining whether the ALJ applied the correct legal standard and made findings supported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Perry first argues the ALJ erred in finding that G.D. did not meet, medically equal, or functionally equal the criteria of the listing for ADHD. More specifically, Perry argues that the ALJ—in determining that G.D. did not have an impairment that met, medically equaled, or functionally equaled the listing for ADHD—improperly discounted testimony of a school psychologist, G.D.'s special education teachers, and a child psychologist, Dr. David Pickering, Ph.D., hired by Perry's attorney. As for the school psychologist, Dr. Steven Way, we (like the ALJ) find nothing in his report indicating G.D. meets, medically equals, or functionally equals the criteria of a listing other than his suggestion that "George meets the ADHD/Other Health Impaired criteria . . . provided a physician attest to the severity of his condition." R. 410.

Nor do we find Pickering's opinion compelling. Pickering concluded that G.D. suffered marked or severe impairments in four of the six domains. The ALJ also gave no weight to Dr. Pickering's opinion. An ALJ need not "give good reasons" for the weight he assigns opinions from physicians who, like Dr. Pickering, have examined but not treated a claimant. *See* 20 C.F.R. § 416.927(c)(2); *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010). Here, the ALJ instead relied on the opinions of Dr. William Sewell, Ph.D. a consultative examiner, and two other State agency medical consultants. And, as the ALJ noted, all three gave opinions consistent with the evidence as a whole, which showed no change in G.D.'s condition since the prior ALJ decision of January 2007. R. 24. That conclusion is supported by substantial evidence.

Also without merit is Perry's reliance on G.D.'s special education teachers' opinions. As the ALJ and district court explained, G.D.'s teachers are not acceptable medical sources for purposes of establishing an impairment. *See* 20 C.F.R. § 416.913(a). True, a medical source may rely on

information a claimant's teacher provides. *See Id.* § 416.924a(a)(1)(i). But a teacher's opinion cannot establish the existence of an impairment and if an ALJ is to consider a teacher's opinion, it must be consistent with other evidence. *See* SSR 06-03P. The ALJ concluded that G.D.'s special education teachers' assessments were entirely inconsistent with the evidence as a whole. Thus, the ALJ's decision to deny Perry's claim was proper.

Perry next argues the ALJ erred in applying res judicata to the prior ALJ decision. The principles of res judicata apply to administrative proceedings. *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 841 (6th Cir. 1997). An ALJ adjudicating a subsequent disability claim "arising under the same title of the [Social Security] Act as the prior claim" must adopt the original ALJ's final decision unless "new and material evidence" shows a change in claimant's condition. AR 98-4(6). Perry concedes that both claims—that is, the claims pertaining to the 2007 and 2010 ALJ decisions—arise under the same title of the Act. Perry asserts, however, that the second ALJ failed to consider new evidence of G.D.'s changed condition. But the ALJ did just that: He considered the new reports from G.D.'s special education teachers and Dr. Pickering, G.D.'s medical records, and G.D.'s witnesses' testimony. In the end, the ALJ found none of this new evidence to be material. Substantial evidence supports that finding.

Finally, Perry argues the Appeals Council erred in denying review of the ALJ's decision. We reject this argument for the same reasons the district court did.

The district court's judgment is affirmed.