**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0401n.06

No. 12-3644

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Apr 22, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MICHAEL MILLER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| COMMISSIONER OF SOCIAL SECURITY, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: GIBBONS, KETHLEDGE, and STRANCH, Circuit Judges.

JULIA SMITH GIBBONS. Michael Miller appeals the district court's judgment affirming the denial of his applications for disability insurance benefits and supplemental security income benefits.

In 2002, Miller filed applications for disability insurance benefits and supplemental security income benefits. The Social Security Administration denied the applications. On October 28, 2004, after conducting an administrative hearing, an administrative law judge (ALJ) determined that Miller was not disabled. Miller did not appeal that decision.

In 2007, Miller again filed applications for disability insurance benefits and supplemental security income benefits, alleging that he became disabled in April 2001. After the Social Security Administration denied the applications, Miller requested a hearing. In 2009, an ALJ conducted a

hearing and denied Miller relief. The Appeals Council declined to review the case. The district court affirmed the denial of Miller's applications.

On appeal, Miller makes the following arguments: (1) the ALJ erred by improperly applying the doctrine of res judicata to conclude that his residual functional capacity (RFC) was the same as had been determined in his previous administrative proceedings in 2004; (2) the ALJ erred by failing to give proper consideration to his cognitive and personality deficits and by relying on irrelevant facts; and (3) the ALJ erred by disregarding the opinions of a registered nurse and doctor and the medical expert who testified at his hearing and by crediting the opinions of several consulting physicians. "Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (internal quotation marks omitted). "We give de novo review to the district court's conclusions on each issue." *Id.*

Miller first argues that the ALJ erred by improperly applying the doctrine of res judicata to determine that his RFC was the same as it had been in 2004. The ALJ did not err, however, because he did not find that res judicata compelled the conclusion that Miller's RFC had remained unchanged since 2004. Rather, the ALJ correctly determined that, because Miller failed to present new material evidence concerning the period from April 2001 through October 28, 2004, the ALJ was bound by the previous decision for that period. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842-43 (6th Cir. 1997). Further, the ALJ properly based his decision concerning Miller's RFC at the time

of the 2009 hearing on all of the evidence in the record pertaining to the period after October 28, 2004.

Miller next argues that the ALJ's decision was not supported by substantial evidence because he failed to give proper consideration to Miller's cognitive and personality deficits and he relied on irrelevant facts such as Miller's ability to maintain part-time employment. Miller also argues that the ALJ erred by disregarding the opinions of Katherine Proehl, who is an advanced practice registered nurse, Dr. Ruth Martin, and Godfred Spring, the medical expert who testified at the administrative hearing, and by crediting the assessments of Dr. Douglas Pawlarczyk and Dr. Jeffrey Vasiloff, who concluded that Miller's RFC remained the same as it had been during his 2004 proceedings.

To the extent that the ALJ erred by failing to find that Miller's cognitive and personality deficits constituted severe impairments, the error was harmless because the ALJ adequately took into account the effects of those deficits by restricting Miller's RFC to work that was simple and low stress, that did not involve confrontation, negotiation, production quotas, or piece rate work, and that involved only minimal interaction with others. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). Further, the ALJ did not err by considering Miller's ability to maintain part-time employment as one factor relevant to the determination of whether he was disabled. *See* 20 CFR §§ 404.1529(c)(3), 404.1571, 416.929(c)(3), 416.971.

In addition, the ALJ gave valid reasons for discounting the opinions of Proehl, Martin, and Spring and for crediting the opinions of the other consulting physicians. The ALJ reasonably explained that he gave little weight to Proehl's opinions, which were also signed by Dr. Martin,

because the assessment that Miller was markedly limited in mental functioning conflicted with Miller's treatment records and other evidence demonstrating that he was able to engage in significant daily activities and that he was able to maintain part-time employment for an extended period of time. That explanation was a sufficient basis for discounting the opinions even assuming that Martin was a treating physician. *See Blakley*, 581 F.3d at 406. The ALJ also reasonably explained that he discounted Dr. Spring's testimony that Miller met the regulatory listings for a psychotic, affective, or personality disorder because Spring failed to identify evidence in the record demonstrating how Miller met each requirement of one of the listings. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.03, 12.04, 12.08. Finally, the ALJ reasonably relied on the functional assessments of Dr. Pawlarczyk and Dr. Vasiloff because, as demonstrated by the subsequent reviewing opinions of Dr. David Dietz and Dr. Anton Freihofner, the assessments were based on all of the information in Miller's file and not simply an adoption of the functional assessments made in 2004.

Accordingly, we affirm the district court's judgment.

**Jane B. Stranch**, dissenting. My review of the record reveals that the ALJ failed to give proper consideration to the medical opinion evidence concerning Miller's mental impairments. *See Gayheart v. Comm'r of Soc. Sec.*, – F.3d –, 2013 WL 896255, at *8-9 (6th Cir. Mar. 12, 2013). First, the ALJ should not have discredited the opinions of Dr. Martin and Nurse Proehl on the basis that the opinions were inconsistent with their treatment notes because the notes thoroughly documented and supported their diagnoses of severe mental impairments. Further, the ALJ failed to set forth a sufficient basis for disregarding the testimony of Dr. Spring that Miller's impairments met the requirements of two regulatory listings. Finally, the ALJ should not have relied on Dr. Pawlarczyk's assessment of Miller's mental limitations because Pawlarczyk merely adopted a prior functional assessment without considering any of the new medical evidence that Miller presented. Because the ALJ failed to give appropriate consideration to the medical opinion evidence, I would remand the case to the Social Security Administration for further consideration. Accordingly, I respectfully dissent from the majority's opinion.