■ In the Matter of the Claim of MARIAN V. FURY, Appellant. ISADOR LUBIN, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board. For 20 years claimant was employed as a hairdresser. Because of her physical reaction to this work in symptoms consisting of nausea, dizzy spells and blurred vision, associated with menopause, her physician advised her to stop this kind of work and seek other employment. She had done some work as a receptionist in a beauty parlor and tried to find work of this kind. Not able to find this work she applied for unemployment insurance benefits and the Industrial Commissioner by initial determination November 21, 1955 held her ineligible for refusing employment as a hairdresser without good cause. This initial determination was overruled by the unemployment insurance referee on December 27, 1955 after a hearing. A medical certificate dated December 21, 1955 was received in evidence in which the physician certified that claimant was "totally incapacitated for the performance of her regular duties during this period as a hairdresser" and further that she "is not emotionally suited to do hairdressing, which aggravates symptoms". Claimant received benefits until March 2, 1956 when she was again found ineligible by the commissioner on the ground she was then again unavailable for employment, and on an additional ground not now material. This was sustained on a further hearing by the referee and on appeal by the Unemployment Insurance Appeal Board. The determination is based on the testimony of claimant that she has had no more symptoms and that she had "been feeling fine". Claimant on appeal argues that her symptoms had left her because she was no longer doing the kind of work which aggravated her condition and induced the symptoms. The determination of the referee and appeal board rests on the express theory that having been without symptoms for some time she ought to try to do hairdressing. No medical opinion in the record supports this theory which is based on the observations of lay witnesses connected with the administration of unemployment insurance statute and on the feeling that the referee had that she ought to try this work again and if she did it might not do her harm. We agree with the respondent that the appeal board is not bound in the sense of *res judicata* by its prior determination of eligibility and that this question is open for re-examination from time to time on the merits. But in view of the fact that there was undisputed medical opinion in the record which the board accepted that in December, 1955 it would be harmful physically for claimant to do the type of work which she associates with adverse symptoms, the re-examination ought to be based on further medical examination and report, made either on behalf of the commissioner or the claimant or both. It is unnecessary to consider the additional papers which have been submitted us by appellant under the terms of our prior order (*Matter of Fury* [*Lubin*], 3 A D 2d 804). Determination reversed, without costs, and claim remitted to the board for its further direction and consideration. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.