In the Matter of JASON B., Petitioner, v ANTONIA COELLO NOVELLO et al., Respondents. [843 NYS2d 654]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Health dated October 13, 2006, which, after a fair hearing pursuant to Social Services Law § 22, confirmed a determination of the New York State Office of Mental Retardation and Developmental Disabilities that the petitioner was not developmentally disabled pursuant to Mental Hygiene Law § 1.03 (22), and that his enrollment in the Medicaid Service Coordination program for Home and Community-Based Waiver Services should be discontinued.

Adjudged that the petition is granted, on the law, with costs, and the determination dated October 13, 2006, is annulled.

On May 2, 2003, and again on September 12, 2003, the Hudson Valley Developmental Disabilities Services Office, a regional office of the New York State Office of Mental Retardation and Developmental Disabilities (hereinafter the OMRDD), upon determining that the petitioner was developmentally disabled pursuant to Mental Hygiene Law § 1.03 (22), approved his enrollment in the Medicaid service coordination program for home and community-based waiver services (hereinafter HCBS waiver services) (*see* 14 NYCRR 635-10.1 *et seq.*).

In 2006 OMRDD decided to reconsider the petitioner's eligibility to receive HCBS waiver services. However, instead of re-evaluating the petitioner to determine whether any change in his condition or circumstances since September 2003 affected his continued eligibility to receive benefits, the OMRDD instead reinterpreted the medical evidence it had previously considered in 2003 and concluded, in June 2006, that the petitioner had never been developmentally disabled. The OMRDD's determination was upheld at all levels of administrative review, culminating in the determination under review, made by the Commissioner of the New York State Department of Health after a fair hearing pursuant to Social Services Law § 22.

"Security of person and property requires that determinations in the field of administrative law should be given as much finality as is reasonably possible. [Thus,] the rule of res judicata is applicable to such determinations as well as to the courts wherever consistent with the purposes of the tribunal, board of officer" (*Matter of Evans v Monaghan,* 306 NY 312, 323-324 [1954]). In 2003 OMRDD, based on then-available medical evidence, made a quasi-judicial determination that the petitioner was developmentally disabled and eligible to receive HCBS waiver services. The 2003 determination is entitled to limited res judicata effect. The doctrine of res judicata, of course, does not preclude OMRDD from reconsidering, based on new evidence or changed circumstances, whether the petitioner continues to meet the eligibility requirements to receive HCBS waiver services (*see Matter of Evans v Monaghan,* 306 NY at 324; *Matter of Fury [Lubin],* 4 AD2d 732 [1957]; *Drummond v Commissioner of Social Sec.,* 126 F3d 837 [1997]). In this case, however, is it undisputed that the OMRDD's determination was not based on any new evidence or changed circumstances, but instead was predicated solely on a reinterpretation of the same medical evidence upon which its original eligibility determination in 2003 was based. Under these circumstances, the determination dated October 13, 2006, confirming the determination of the OMRDD, is not supported by substantial evidence (*see*

*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176 [1978]; CPLR 7803 [4]). Accordingly, the petition is granted and the determination dated October 13, 2006, is annulled. Spolzino, J.P., Krausman, Fisher and Angiolillo, JJ., concur.