RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 09a0256p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

TERRY HENSLEY,

        *Plaintiff-Appellant,*

    *v.*

MICHAEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,

        *Defendant-Appellee.*

No. 08-6389

Appeal from the United States District Court
for the Eastern District of Kentucky at London.
No. 07-00246—David L. Bunning, District Judge.

Submitted: June 16, 2009

Decided and Filed: July 21, 2009

Before: MOORE, GIBBONS, and FRIEDMAN, Circuit Judges.[*]

_____

## COUNSEL

_____

**ON BRIEF:** Julie Anne Atkins, ATKINS LAW OFFICE, Harlan, Kentucky, for Appellant. Jerome M. Albanese, Anita Kay Brotherton, Holly Abernethy Grimes, Mary Ann Sloan, Dennis Robert Williams, SOCIAL SECURITY ADMINISTRATION, OFFICE OF GENERAL COUNSEL, Atlanta, Georgia, John S. Osborn III, ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellee.

_____

## OPINION

_____

      FRIEDMAN, Circuit Judge. Once again, we reject the Commissioner of Social Security's denial of a claim for social security disability benefits because the administrative law judge ("administrative judge") who adjudicated the claim failed to

_____

[*] The Honorable Daniel M. Friedman, Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

give controlling weight to a medical evaluation by the claimant's treating physician or to explain his reasons for such action. We therefore vacate the judgment of the United States District Court for the Eastern District of Kentucky, which upheld the administrative judge's decision, and remand the case to that court for it to return the case to the Commissioner of Social Security for further proceedings that follow the proper standard for dealing with the claimant's treating physician's medical opinion, as explained in this opinion.

I

The appellant Terry Hensley has a history of elbow, arm, hand, and spine problems. In December 2001 he filed an application for social security disability benefits. After his application initially was denied, the district court reversed and remanded for further proceedings, based on its determination that the administrative decision was not supported by substantial evidence. An additional hearing was held before a different administrative judge, who again ruled that Hensley was not entitled to disability benefits.

Under settled practice, an administrative judge "making a determination as to [social security] disability . . . undertakes a five-step sequential evaluation process mandated by regulation." *Wilson v. Comm'r of Soc. Sec*., 378 F.3d 541, 548 (6th Cir. 2004). In the first four steps, which are not at issue here, the claimant is required to show specified matters that establish disability. If the claimant does so, including establishing that under the claimant's "residual functional capacity the claimant can [not] perform his past relevant work," the burden then shifts to the Commissioner to show that "based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled." *Id.*

The issue in the present case involves the fifth step of the adjudicatory process. More specifically, it involves the validity of the administrative judge's determination that Hensley had the residual capacity to perform certain specified jobs and therefore was not disabled. The dispute relates to the medical evidence involving a particular

aspect of Hensley's "residual functional capacity," namely, his ability to use his hands for repetitive pushing and pulling.

The medical evidence on this issue consisted of the opinions of two physicians. One, who had treated Hensley at Department of Veterans Affairs' medical facilities numerous times between 2002 and 2005, was Dr. Cross, who in social security jargon is known as the claimant's "treating physician." The other was the Commissioner's medical witness, Dr. Muffly, who conducted a single consultative physical examination of Hensley in 2005.

Neither physician testified at the hearing before the administrative judge. Instead, each submitted a one-page "Functional Capacities Form," on which the physician checked various block spaces to answer specific questions on the form. The relevant particular medical information thus provided was as follows:

The form asked:

"Patient/claimant can use hands for repetitive actions such as:" It then listed three kinds of such actions, including

Pushing/Pulling

Right:_____     Yes_____ No

Left:_____     Yes_____ No

Dr. Cross, Hensley's treating physician, checked "No" for both hands. Dr. Muffly, the Commissioner's medical witness, checked "Yes" for both hands.

In dealing with these conflicting medical opinions, the administrative judge stated only the following:

> I also considered opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527 and SSRs 96-2p, 96-5p, and 96-6p. As for treating source opinion, I have adopted the assessment of Dr. Cross at Exhibit 14F, p. 3, and have incorporated these limitations in the residual functional capacity that I have determined. Despite that Dr. Muffly found no impairment in the claimant's ability to engage in repetitive

pushing and pulling (Exhibit 13F, p. 7), Dr. Cross opined he could not do this repetitively. Therefore, I find that this function can be performed only occasionally; and in poundages equivalent to no more than Dr. Cross's opinion with regard to lifting/carrying, viz., 10 pounds frequently and 20 pounds occasionally. (Exhibit 14F, p.3).

Although in other contexts the difference between any pushing and pulling and doing so "only occasionally" might be de minimis, the record indicates that in social security disability cases the word "occasionally" is a term of art: it means up to one-third of someone's working time. *Cf.* S.S.R. 83-10 (1983), 1983 SSR LEXIS 30, at * 13 ("'Occasionally' means occurring from very little up to one-third of the time".)

At the hearing, the Commissioner presented a vocational expert who was asked two hypothetical questions. One of them was based on Dr.Muffly's evaluation of Hensley's physical condition. The other was based on Dr. Cross' evaluation, modified to reflect the administrative judge's change that repetitive pushing and pulling would be done "only occasionally," i.e., for not more than one-third of Hensley's working hours. The vocational expert gave the same answer to both hypothetical questions. Asked whether there were jobs available in the national economy that an individual with the physical limitations stated in the question could perform, he answered affirmatively and stated that there were two such jobs: toll collector and packer. Accepting this expert evidence, the administrative judge concluded that Hensley was not disabled.

On judicial review, the district court, adopting the opinion of the magistrate judge, ruled that substantial evidence supported the administrative judge's analysis. The court held that the administrative judge's determination that Hensley could perform repetitive hand pushing and pulling "only occasionally" - although neither examining physician had so evaluated him - was not error because it adopted Dr. Cross's assessment "for the most part," and that rejecting it in part was not procedural error, despite a lack of explanation.

II

In social security cases involving a claimant's disability, the Commissioner's regulations require that if the opinion of the claimant's treating physician is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and [is] 'not inconsistent with the other substantial evidence in [the] case record,'" it must be given "controlling weight." *Wilson, supra*, 378 F.3d at 544; 20 C.F.R. § 404.1527(d)(2). "If the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors - namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source - in determining what weight to give the opinion." *Wilson*, 378 F.3d at 544 (quoted with approval in *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 747 (6th Cir. 2007)). Even if the treating physician's opinion is not given controlling weight, "there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference." *Rogers v. Commissioner of Social Sec.*, 486 F.3d 234, 242 (6th Cir. 2007)

The administrative judge stated that he had "adopted the assessment of Dr. Cross" on Hensley's residual functional capacity set forth in Dr. Cross' functional capacities form and had "incorporated these limitations in the residual functional capacity that I have determined." That statement is inconsistent with what the administrative judge did. Each physician made an unequivocal statement about Hensley's ability to engage in repetitive pushing and pulling. Dr. Cross said he could not do that; Dr. Muffly said he could. The administrative judge did not accept either physician's medical evaluation. Instead, he made his own medical evaluation , reaching a conclusion that lay between the two conflicting absolute views of the physicians. The administrative judge concluded that Hensley could do repetitive pushing and pulling, but "only occasionally" - a standard that neither physician had adopted. The administrative judge gave no explanation for his own conclusion.

The only stated reason the administrative judge gave for rejecting the treating physician's medical opinion that Hensley could not engage in repetitive pushing and pulling was that another physician had reached the opposite conclusion. That was not an adequate basis for rejecting Dr. Cross' opinion. The governing regulation states that if the treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [is] 'not inconsistent with the other substantial evidence in [the] case record," it must be given "controlling weight." 20 C.F.R. § 404.1527(d)(2). The administrative judge did not find that Dr. Cross' opinion did not meet those substantive requirements. The regulation also requires that if such opinion is not given controlling weight, the administrative judge "must apply" specified factors in determining what weight to give the opinion, and give "good reasons . . . for the weight we give [claimant's] treating source's opinion." *Id.* The administrative judge did not give any other reasons for rejecting Dr. Cross' opinion that Hensley could not repetitively perform hand pushing or pulling. Nothing in the regulations indicates, or even suggests, that the administrative judge may decline to give the treating physician's medical opinion less than controlling weight simply because another physician has reached a contrary conclusion.

Indeed, the administrative judge's reason for declining to give Dr. Cross' opinion controlling weight would seriously undermine the Commissioner's position that controlling weight ordinarily should be given to the opinion of the treating physician. In most cases such as this, there will be conflicting medical opinions. If the existence of such a conflict is enough to justify denying the treating physician's report controlling weight, it would be a rare case indeed in which such weight would be accorded.

We have stated that "[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion." *Wilson,* 378 F.3d at 545 (6th Cir. 2004), quoting *Halloran v. Barnhart*, 362 F.3d 28, 32-33 (2d Cir. 2004). We follow that course here.

CONCLUSION

The judgment of the district court is vacated, and the case is remanded to that court for it to return the case to the Commissioner for further proceedings addressing whether the treating physician's opinion should be given controlling weight, and, if not, the reasons for whatever weight it is given, as explained in this opinion.