NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1309n.06

No. 11-5633

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| BRAD H. DUNLAP, JR., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| COMMISSIONER OF SOCIAL SECURITY, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: DAUGHTREY and CLAY, Circuit Judges; CLELAND, District Judge.[*]

MARTHA CRAIG DAUGHTREY, Circuit Judge. Plaintiff Brad Dunlap appeals the district court's judgment affirming the denial of Social Security disability benefits by the Commissioner of Social Security. Dunlap's application for benefits in 2006 had been denied administratively both initially and on reconsideration, prompting Dunlap to request a hearing before an administrative law judge. At the hearing in October 2007, Dunlap testified that he had become unable to work in 2005 when a pre-existing injury flared up, causing severe pain in his lower back that radiated down his leg. In a written decision rendered on January 16, 2008, the administrative law judge found that Dunlap was not disabled for purposes of the Social Security Act because, despite his impairments, he could perform his past relevant work.

---

[*]The Hon. Robert H. Cleland, United Sates District Judge for the Eastern District of Michigan, sitting by designation.

Dunlap appealed the administrative law judge's decision to the Appeals Council, but the Council denied his petition for review, and the administrative law judge's ruling became the final decision of the Commissioner. Dunlap then filed a civil action in district court, seeking judicial review of that decision. Based on the administrative record, a magistrate judge recommended that the district court uphold the denial of relief, and the district court did so in a written opinion adopting the magistrate judge's report and entering final judgment in the Commissioner's favor. Dunlap now appeals that decision in this court, contending, as he did in the district court, that the administrative law judge relied on the opinions of two non-treating physicians who reviewed Dunlap's medical records, but then failed to "set forth good reasons to reject the treating physician's reports and opinions," as required by the Social Security Administration's "treating source" rule.

That rule requires an administrative law judge, in assessing medical evidence in a disability case, to give greater weight to the opinions of a treating physician than to those of non-treating physicians. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). Indeed, a treating physician's opinion is entitled to controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *see Cole. v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011). Moreover, if the administrative law judge does not give a treating source's opinion controlling weight, the judge is required by regulation to balance the following factors to determine the appropriate weight to give it: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating

source." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)). "Even if the treating physician's opinion is not given controlling weight, 'there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference.'" *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007)). Failure to assign a specific weight to the treating physician's assessment "alone constitutes error." *Cole*, 661 F.3d at 938.

The administrative law judge's decision as to how much weight to accord a medical opinion must also be accompanied by reasons that are "supported by the evidence in the case record, and [that are] sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (July 2, 1996)). This procedural "good reasons" rule serves both to ensure adequacy of review and to give the claimant a better understanding of the disposition of his case. *See Rogers*, 486 F.3d at 242. These procedural requirements are "not simply a formality" and are intended "to safeguard the claimant's procedural rights." *Cole*, 661 F.3d at 937. As a result, we will remand "'when we encounter opinions from [administrative law judges] that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.'" *Wilson*, 378 F.3d at 545 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004)).

The dispute in this case concerns what Dunlap characterizes as "medical opinions" from his primary care physician, Eric Redmon, M.D. There are two. The first is a one-sentence note written

in May 2007: "In my medical opinion, Mr. Dunlap has severe low back pain and due to his pain is unable to work." The second is a more comprehensive report, completed in November 2007, which reiterated Dr. Redmon's previous findings at length and concluded: "Dunlap has a medical condition, confirmed by objective measurement of nerve function, that would reasonably be expected to produce severe pain. Mr. Dunlap's severe pain has also been consistent with clinical observations over an extended period of time." After setting out the medical evidence in detail, the administrative law judge rejected Dr. Redmon's May 2007 opinion, found that Dunlap's complaints of pain were not severe enough to prevent employment, and concluded that he was therefore ineligible for disability benefits.

The administrative law judge recognized that Dunlap had a "severe combination of impairments," including his "back disorder" and pain stemming from that disorder. In particular, the administrative law judge found that the treating physician's reports indicated that Dunlap was suffering from chronic back pain and mental impairments. To reach this conclusion, the administrative law judge reviewed Dunlap's treatment history and found that diagnostic testing revealed only a minor disc bulge, some disc degeneration, and "left tibial nerve A-wave changes that were non-localized and normal," all of which needed clinical corroboration. Dr. Redmon's records further showed that Dunlap did not suffer from spasms and could walk normally, and they revealed "no fractures, destructive lesions, or acute findings." Another physician, in consultation with Dr. Redmon, found that a CT scan showed only minimal damage to Dunlap's spine. The records further indicated that in January 2007, Dunlap was able to travel and that, with his course of pain medications, "the pain was tolerable." Finally, based on the evidence presented by the treating

physician, the administrative law judge found that Dunlap's testimony with respect to the "intensity, persistence and limiting effects" of the symptoms was not entirely credible.

In addition to the evidence presented from the treating physician, the administrative law judge considered evidence from other, non-treating physicians, giving it "great weight." One item was a report submitted in 2006 by a physician in the Tennessee Disability Determination Service concluding that although Dunlap had some mental and physical limitations, "they d[id] not significantly erode his occupational base." In 2008, a second disability service physician reiterated these findings and reported that Dunlap was able to work for approximately six hours of an eight-hour work day and carry loads up to 50 pounds on occasion.

Weighing this evidence, the administrative law judge explained:

> It is well known that pain is a subjective symptom that is not measurable, and it is recognized that there are many disorders in which the common symptom is constant, unremitting pain which is not responsive to therapeutic measures. Pain can be an important factor in causing functional loss. However, it can constitute disability for Social Security purposes only if it is not remediable, if it is of such degree as to preclude an individual from engaging in substantial gainful activity, and if it is associated with relevant abnormal findings. These factors are not of a significant degree as evidenced by this claimant's records. In this case, the medical evidence does not document a continuing impairment of incapacitating proportions, i.e., one which would produce pain of such intensity that the ordinary physical activity to perform basic work-related functions would be impossible or contraindicated for a continuous period of twelve months or more. The [undersigned] does not imply that the claimant is symptom free, but a review of the evidence in this case persuades the undersigned that the claimant's complaints of pain and incapacitation are not credible when viewed in light of the medical findings. The claimant was never referred for pain management.

On appeal, Dunlap contends that the administrative law judge's decision ignored or, at least, failed to give proper weight to the medical opinions of his treating physician. In response, the Commissioner argues – correctly, we conclude – that the May 2007 statement by Dr. Redmon does not constitute a medical opinion, citing 20 C.F.R. § 404.1527(a)(2), which defines a medical opinion as one "that reflects[s] judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." Indeed, the regulations specifically exclude from consideration opinions on certain issues, such as conclusory statements that a claimant is disabled or unable to work. *See* 20 C.F.R. § 404.1527(d). Thus, the administrative law judge correctly ruled that the conclusion expressed by Dr. Redmon in his single-sentence note of May 2007 was one properly reserved to the Commissioner.

Likewise, the Commissioner contends that the November 2007 report cannot constitute a medical opinion, because it consists primarily of a restatement, often verbatim, of the underlying evidence contained in Dunlap's medical records – evidence that the administrative law judge fully considered and set out in his decision. Hence, Dunlap's complaint that the administrative law judge did not specifically refer to the November 2007 report in his January 2008 order is beside the point, given that the judge fully considered the underlying evidence in making his determination, including the information that was reiterated in the November 2007 report.

But, even if we were to hold that the two documents in question constituted medical opinions by Dunlap's treating physician, such that the administrative law judge was required to give reasons

for rejecting Dr. Redmon's opinions and crediting those of the non-treating physicians instead, it is clear from the quoted portion of the judge's order that an explanation for his rejection appears on the record. As a result, the administrative law judge's decision was "sufficiently specific to make clear to any subsequent reviewers" – in this case, us – "the weight the adjudicator gave to the treating source's medical opinion" – in this case, none – "and the reasons for that weight" – in this case, as set out above. The administrative law judge's failure to label his explanation as "good reasons" for his determination was harmless error, at most.

We conclude that the findings of the administrative law judge were supported by substantial evidence and that the district court did not err in upholding the Commissioner's decision. We therefore AFFIRM the judgment of the district court.