NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0399n.06

No. 17-4247

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 08, 2018
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| DOROTHY M. DUGAN, | ) | |
|  | ) | |
| Plaintiff-Appellant, | ) | |
|  | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE |
| COMMISSIONER OF SOCIAL SECURITY, | ) | SOUTHERN DISTRICT OF |
|  | ) | OHIO |
| Defendant-Appellee. | ) | |

BEFORE:     ROGERS and BUSH, Circuit Judges; WATSON, District Judge.[*]

WATSON, District Judge.  Dorothy Dugan appeals the magistrate judge's decision and entry affirming the decision of the Commissioner of Social Security ("Commissioner"), which denied her claim for disability and supplemental security income benefits under the Social Security Act.  For the following reasons, we affirm the magistrate judge's decision.

**I.**

In January 2001, Dugan filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), alleging disability as of February 25, 1999, based on several impairments including degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, and carpal tunnel syndrome, among others.  After an initial denial of her application, Dugan's application proceeded to an evidentiary hearing before administrative law

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

judge ("ALJ") James I. K. Knapp. On May 10, 2001, ALJ Knapp issued a written decision finding Dugan was not disabled. ALJ Knapp concluded that Dugan had the residual functional capacity ("RFC") to perform a reduced range of light work, including her previous work as an electronics assembler. The Appeals Council declined to review ALJ Knapp's decision, and Dugan did not appeal in federal court. Thus, ALJ Knapp's non-disability finding became the final decision of the Commissioner with respect to Dugan's initial application on May 11, 2002.

In September 2002, Dugan filed new applications for DIB and SSI, again alleging disability as of February 25, 1999. The alleged disability onset date was May 11, 2002, the date of ALJ Knapp's prior non-disability finding. After an initial denial of her new application, Dugan received a hearing before ALJ Daniel R. Shell on February 11, 2005. On November 8, 2005, ALJ Shell issued a written decision finding Dugan was not disabled. ALJ Shell concluded that, based on Dugan's RFC to perform a reduced range of sedentary work, she could perform a significant number of jobs in the national economy. Thereafter, the Appeals Council declined Dugan's request for review of ALJ Shell's November 2005 decision. On appeal to the federal district court, however, the district judge reversed ALJ Shell's non-disability finding, affirming the magistrate judge's recommendation to remand to the Commissioner to make further factual determinations that were vocationally significant, such as assessing Dugan's ability to look down. *Dugan v. Astrue*, No. 3:07-CV-159, 2008 WL 783382, at *1 (S.D. Ohio Mar. 20, 2008); *see also Dugan v. Astrue*, No. 3:07-CV-159, 2008 WL 755274, at *2 (S.D. Ohio Feb. 28, 2008).

On the first remand from the district court, Dugan received a second hearing before ALJ Shell on November 12, 2008. On December 19, 2008, ALJ Shell issued a second written decision, once again finding Dugan was not disabled. In his second decision, ALJ Shell found, contrary to his first decision, that Dugan was capable of performing light work and, based on such an RFC,

that "there are jobs that exist in significant numbers in the national economy that [Dugan] can perform[.]" The Appeals Council denied Plaintiff's request for review of ALJ Shell's second decision, and Dugan again appealed to the federal district court. On appeal, the district judge remanded the matter to the Commissioner for additional administrative proceedings with instruction to "(1) re-evaluate the medical source opinions of record under the legal criteria set forth in the Commissioner's Regulations, Rulings and applicable caselaw; and (2) reconsider, under the required sequential evaluation procedure, whether Dugan was under a disability and thus eligible for SSI." *Dugan v. Astrue*, No. 3:09-CV-199, 2010 WL 3365701, at *1–2 (S.D. Ohio Aug. 23, 2010).

On the second remand from the district court, Dugan received a hearing before ALJ Amelia G. Lombardo on June 14, 2011. ALJ Lombardo issued a written decision on October 13, 2011. ALJ Lombardo found Dugan was disabled as of July 1, 2009, but not disabled before that date. As to Dugan's non-disability status before July 1, 2009, ALJ Lombardo found that Dugan was capable of a reduced range of light work and that a significant number of jobs existed in the national economy that Dugan could perform, such that a finding of disability was not warranted before July 1, 2009.

On January 9, 2013, the Appeals Council assumed jurisdiction and remanded the case back to ALJ Lombardo. Pursuant to the remand order, ALJ Lombardo was instructed to: (1) reconsider Dugan's disability status from May 11, 2002, in light of ALJ Knapp's May 10, 2002 decision and *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997); (2) provide an assessment of what weight should be assigned to an October 2002 medical opinion; and (3) obtain medical expert testimony regarding the medical evidence about the presence of rheumatoid arthritis.

On the third remand, Dugan received another hearing before ALJ Lombardo on January 2, 2014. ALJ Lombardo then issued her second written decision on April 25, 2014, again finding Dugan was not disabled from May 11, 2002 through June 30, 2009. ALJ Lombardo found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform" based on Dugan's RFC to perform light work.

On Dugan's request for review, the Appeals Council found her exceptions to ALJ Lombardo's decision untimely, thereby making ALJ Lombardo's April 25, 2014 non-disability finding the final administrative decision of the Commissioner on Dugan's second application. Dugan then requested an extension of time to file a civil action, which the Appeals Council granted. On appeal to the federal district court, the magistrate judge reviewed the case for disposition based on the parties' consent. The magistrate judge affirmed the ALJ's non-disability findings as supported by substantial evidence. This appeal follows.

## II.

We review a district court's decision in social security cases *de novo*. *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005) (citing *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)). But we review an ALJ's underlying findings "to determine whether they are supported by substantial evidence." *Id*. at 390–91 (citing 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997)). "A decision is supported by substantial evidence where a reasonable mind could find that the evidence is adequate to support the conclusion reached." *Valley*, 427 F.3d at 391 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Although the substantial evidence standard is deferential, it is not trivial. We must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S.

474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

The Social Security Act provides for payment of benefits to people who have become disabled. *See* 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1). To receive disability benefits and supplemental social security income, an applicant must demonstrate that she is "[unable] to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Id*. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Social Security regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

5.  Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 16.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). "The claimant bears the burden of proof through step four; at step five, the burden shifts to the Commissioner." *Rabbers*, 582 F.3d at 652 (citing *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003)). "An unsuccessful applicant may appeal the decision through the administrative review process and eventually to an Article III court. At that point, the inquiry on that application ends." *Earley v. Comm'r of Soc. Sec.*, No. 17-4007, 2018 WL 3134547, at *2 (6th Cir. 2018).

## III.

In this appeal, Dugan challenges ALJ Lombardo's non-disability finding for the period from May 11, 2002 to July 1, 2009, reasserting essentially the same three issues raised before the magistrate judge. She contends that: (1) ALJ Lombardo improperly rejected the application of *res judicata* by finding that Dugan's condition had improved during the time period at issue; (2) ALJ Lombardo improperly weighed the opinions of Dugan's treating physicians; and (3) ALJ Lombardo's finding regarding Dugan's manipulative ability was not supported by substantial evidence. Dugan's arguments are without merit.

### A. Finding of Medical Improvement and Administrative *Res Judicata*

"[T]he principles of *res judicata* can be applied against the Commissioner." *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). "When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Id.* In such cases, "[a]bsent evidence of an

improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." *Id.*

Dugan makes two arguments invoking *Drummond*. Dugan first contends that ALJ Lombardo erred in finding that, because Dugan's condition had improved, the ALJ was not bound by ALJ Knapp's May 10, 2002 RFC finding. Second, Dugan insists that ALJ Lombardo's finding of improvement was unreasonable in light of ALJ Shell's November 8, 2005 decision and RFC finding. Neither argument has merit.

In the April 25, 2014 decision, ALJ Lombardo set forth a detailed discussion regarding the application of *Drummond* in Dugan's case with respect to ALJ Knapp's May 10, 2002 decision. Along with her full discussion of the medical record and opinion evidence, the ALJ found that "[t]he record documents medical improvement in [Dugan's] conditions" from 2002 to ALJ Lombardo's 2014 decision, and, accordingly, ALJ Knapp's 2002 RFC finding was "not applicable for any relevant period since May of 2002." In particular, ALJ Lombardo found that "objective testing, including MRI scans, showed resolution of the previously demonstrated herniated disc," and no stenosis or muscle weakness. Moreover, physical exams showed normal sensation, reflexes, and motor strength. Finally, the state-agency consultant opined that the functional restrictions of the 2002 decision were no longer applicable as new evidence showed that medical improvement had occurred. Thus, ALJ Lombardo ultimately concluded that:

> The record demonstrates that medical improvement has occurred to the extent that the record no longer contains clinical or objective findings that restrict the claimant to a reduced range of sedentary work activity. Therefore, a significant change in the nature, character, and severity of the claimant's medical conditions has occurred since the issuance of the May 10, 2002, Decision of an Administrative Law Judge and the mandates of [*Drummond*] do not apply to this Decision.

In short, ALJ Lombardo appropriately considered administrative *res judicata* and had substantial evidence to support her finding of improved conditions. Therefore, Dugan's first argument fails.

Dugan's second argument under *Drummond* is also a non-starter. ALJ Shell's November 8, 2005 decision was remanded by both the Appeals Council and the district court; thus, it was not binding and had no *res judicata* effect. *See* C.F.R. § 404.955 ("the decision of the [ALJ] is binding . . . unless . . . the Appeals Council reviews your case . . . [or] the Appeals Counsel denies your request for review, and you seek judicial review of your case by filing an action in a Federal district court[.]").

## B. Treating Physician Opinions

In her second issue on appeal, Dugan argues that ALJ Lombardo failed to properly weigh "multiple treating source opinions." Specifically, she claims that ALJ Lombardo's analysis of the opinions of Drs. Adams, Schleicher, and Kleinhenz, respectively, was "inadequately specific" and "impermissibly vague." In addition, Dugan argues that the ALJ did not meaningfully weigh Dr. White's assessment that Dugan's physical condition did not improve after 2002. Dugan concludes that the ALJ's failure to apply the correct legal standards denotes a lack of substantial evidentiary support, and therefore the non-disability finding should be reversed.

ALJs must adhere to certain governing standards when assessing the medical evidence supplied in support of a claim. "Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242–43 (6th Cir. 2007) (citing Soc. Sec. Rul. 96–2p, 1996 WL 374188 (July 2, 1996)); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Generally, treating physicians are "the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone"; thus, their opinions are generally given more weight than those of non-

treating physicians. *Id.* Therefore, "if the opinion of the treating physician as to the nature and severity of a claimant's conditions is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record,' then it will be accorded controlling weight." *Id.* (quoting *Wilson*, 378 F.3d at 544); *see also* 20 C.F.R. § 404.1527(c)(2).

If a treating physician's opinion is not given controlling weight, the ALJ must provide "good reasons" as to the weight given instead. 20 C.F.R. § 404.1527(c)(2). "These reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (July 2, 1996)).

To demonstrate "good reasons," the ALJ must weigh certain factors (the *Wilson* factors) in determining how much weight to afford a treating physician's opinion. *See Wilson*, 378 F.3d at 544 (listing factors for the ALJ to consider to determine what weight is appropriate, including the length, frequency, nature, and extent of the treatment relationship; the supportability of the opinion; the consistency of the opinion with the record as a whole; the specialization of the physician; and any other relevant factors). "A failure to follow the procedural requirement 'of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) (quoting *Rogers*, 486 F.3d at 243).

Under the standards above, ALJ Lombardo provided "good reasons" for her determinations of how much weight to give to the treating physicians' opinions, and her conclusions in light of

her analysis and weighing of the medical and opinion evidence was supported by substantial evidence.

First, contrary to Dugan's contention that ALJ Lombardo did not "meaningfully weigh" Dr. White's assessment, the ALJ did provide sufficiently specific "good reasons," supported by the evidence in the record, for assigning Dr. White's assessment "little weight." In particular, the ALJ explained that she discounted Dr. White's opinion because: (1) the ability to sit, stand, and walk a total of eight hours is not inconsistent with the ability to perform substantial gainful activity; (2) Dr. White's assessment cited his prior records as the basis for his assessment, but his records "document no independent signs of functional impairment and are remarkable only for the claimant's subjective complaints"; and (3) although Dr. White opined that Dugan suffered from anxiety and depression, Dr. White is not a mental health professional. These are sufficiently good reasons for assigning Dr. White's opinion little weight. *See Wilson*, 378 F.3d at 544 (finding the supportability of the opinion and consistency of the opinion with the record as a whole are factors to be considered).

The same is true of ALJ Lombardo's reasons for the weight given to the opinions of Drs. Adams, Kennedy-Schleicher, and Kleinhenz. After a detailed statement of the standard to be applied to treating physicians' opinions and a full discussion of the reasons for the weight to be given to the opinions of treating physicians Drs. White, Hoffman, Hutson, and Griffin, ALJ Lombardo then discussed the opinions of Drs. Adams, Kennedy-Schleicher, and Kleinhenz, finding that:

> The record contains several other basic medical assessments purporting to establish disability on behalf of the claimant, including Dr. Adams, a Dr Kennedy Schlecher, and a Dr Heather Kleinhenz . . . . However, for the same reasons set forth above relative to the other medical opinions, specifically that they are not supported by the weight of the evidence and are based almost completely on the unquestioned

acceptance of the claimant's subjective complaints, those assessments are, likewise, entitled to little, if any, adjudicative weight.

Although the ALJ gives less description of the opinions provided by Drs. Adams, Kennedy-Schleicher, and Kleinhenz, her discussion regarding the opinions' reliance on Dugan's subjective complaints is sufficient to meet the "good reasons" standard. *See Tilley v. Comm'r of Soc. Sec.*, No. 09-6081, 2010 WL 3521928, at *6 (6th Cir. Aug. 31, 2010) (indicating that, under *Blakley* and *Wilson*, an ALJ is not required to explicitly address all of the six factors within 20 C.F.R. § 404.1527(d)(2) for weighing medical opinion evidence within the written decision); *Boseley v. Comm'r of Soc. Sec.*, 397 F. App'x 195, 199 (6th Cir. 2010) ("Neither the ALJ nor the Council is required to discuss each piece of data in its opinion, so long as they consider the evidence as a whole and reach a reasoned conclusion.") In addition to incorporating by reference the rationale previously discussed in the decision, ALJ Lombardo provided two clear reasons for her conclusion that the opinions of Drs. Adams, Kennedy-Schleicher, and Kleinhenz were entitled little weight: (1) the opinions were not supported by the weight of the evidence, as the ALJ detailed in the previous paragraph; and (2) "they [were] based almost completely on the unquestioned acceptance of the claimant's subjective complaints." These reasons are enough, especially when viewed in tandem with the ALJ's finding that Dugan's statements regarding "the intensity, persistence and limiting effects" of her symptoms lacked credibility given "the objective evidence and clinical findings of record" and Dugan's "history of malingering and exaggerating her complaints without any explanation or basis." *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007) (indicating that ALJs may discount physicians' opinions based on claimant's subjective complaints where claimant is not credible). The reasons set forth are sufficient under the "good reasons" standard.

## C. Evaluation of Manipulative Ability

In her final argument on appeal, Dugan contends that ALJ Lombardo's finding with respect to her manipulative ability—that she is able to perform frequent handling and fingering—is not supported by substantial evidence. Dugan claims that, in light of the opinion of Dr. Stephen Duritsch, she should be limited instead to occasional handling and fingering.

ALJ Lombardo's finding regarding Dugan's manipulative ability was supported by substantial evidence. In making her determination, the ALJ reviewed medical evidence and medical opinions, including those of Drs. Danopulos and Duritsch. ALJ Lombardo found that Dugan had a history of carpal tunnel syndrome, but that it was surgically remedied, as demonstrated by the physical examinations by Drs. Danopulos and Duritsch, who each documented normal grip strength, as well as normal grasp, pinch, manipulation, and coordination. Although Dr. Duritsch opined that Dugan was limited in her ability to use the upper extremities, ALJ Lombardo determined that such a conclusion directly contradicted Dr. Duritsch's own clinical findings, as well as those of Dr. Danopulos—that Dugan had normal grip strength, grasp pinch, manipulation, and coordination. ALJ Lombardo also acknowledged Dugan's testimony that she experiences difficulty using her hands. Ultimately, though, the ALJ found that "the objective medical evidence demonstrates that claimant's carpal tunnel syndrome was successfully treated without significant residual impairment."

Moreover, the ALJ's decision was otherwise supported by substantial evidence. Here, ALJ Lombardo considered Dr. Griffin's opinion in making the RFC determination, contrary to Dugan's assertion. The ALJ explained that Dr. Griffin's treatment notes of Dugan stated "severe active synovitis in joints and wrists" during every visit, but that the note appeared to be boilerplate documentation. Further, as ALJ Lombardo discussed, such an observation had not been made by

any other treating or examining source. ALJ Lombardo then identified five other medical opinions that did *not* find severe or active synovitis. For example, Dr. Houser also indicated that Dugan only had some reasonable limitation in the use of her hands and fingers, but that these were "certainly not disabling." The ALJ also pointed out that, at times when Dugan was receiving infusion treatments for the condition, she missed treatments, did not take prescribed medication, and was able to do activities such as driving and cleaning. Based on these findings, the ALJ concluded that a limitation to frequent fingering and handling appropriately accounted for the medical evidence and the well supported testimony. In light of this discussion, substantial evidence supports the ALJ's conclusion regarding Dugan's manipulative ability.

## IV.

For these reasons, we AFFIRM the magistrate judge's decision.