NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0472n.06

Case No. 22-1397

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| PATRICIA M. ROBINSON, | ) | **FILED**<br>Nov 22, 2022<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellant, | ) |  |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
|  | ) |  |
| COMMISSIONER OF SOCIAL SECURITY, | ) |  |
| Defendant-Appellee. | ) | O P I N I O N |
|  | ) |  |

Before: SUTTON, Chief Judge; COLE and THAPAR, Circuit Judges.

COLE, Circuit Judge. Patricia Robinson's application for social security benefits was denied after an administrative law judge found that she was not disabled within the meaning of the Social Security Act. She subsequently filed suit in district court, asserting a lack of substantial evidence to support the Commissioner of Social Security's adverse decision. Based on a finding of substantial evidence, the district court adopted the magistrate judge's recommendation to deny Robinson's motion for summary judgment, grant the Commissioner's motion for summary judgment, and affirm the Commissioner's decision. Because substantial evidence supports the Commissioner's evaluation of Robinson's carpal tunnel syndrome and therefore the finding that she is not disabled, we AFFIRM the district court's decision.

I.  BACKGROUND

Patricia Robinson applied for social security disability benefits due to hypothyroidism and carpal tunnel syndrome in both hands.  After her claim was initially denied, she requested a video hearing before an Administrative Law Judge ("ALJ").

Following Robinson's hearing, the ALJ applied the governing five-step analysis and ultimately found that Robinson was not disabled.  *See* 20 C.F.R. § 404.1520(a)(4).  Between steps three and four of her analysis, the ALJ determined Robinson's capacity for work, ultimately concluding that Robinson could perform "light work," subject to a range of limitations and exceptions.  In so finding, the ALJ considered Robinson's symptoms and impairments, as well as the medical evidence on the record, including at least seven separate sets of findings.  Two of these sets of findings are relevant to this appeal:  those of a hand surgeon, Dr. Curtis Young, and an occupational therapist, Delores Valtena.  Considering Robinson's age, education, and work experience, a vocational expert testified that a similarly situated individual with the capacity for light work would be able to perform the requirements of "representative occupations," and provided three examples encompassing 110,000 jobs in the national economy.  Based on these findings, the ALJ concluded that Robinson was not disabled within the meaning of the Social Security Act, rendering her ineligible for benefits.

The Appeals Council summarily denied Robinson's request for review of the ALJ's disability determination, making the ALJ's decision the final decision of the Commissioner of Social Security.  Robinson filed suit in district court to challenge this decision.  The parties cross-moved for summary judgment.  In his report and recommendation, the magistrate judge found that the Commissioner's decision was supported by substantial evidence on the record, and recommended denying Robinson's motion, granting the Commissioner's motion, and affirming

the Commissioner's decision. Over Robinson's objections, the district court adopted the magistrate judge's report and recommendation, therefore denying Robinson's motion, granting the Commissioner's motion, and affirming the Commissioner's decision.

Robinson timely appealed. On appeal, Robinson contends that because the ALJ failed to follow the agency's rules and regulations at multiple points, the Commissioner's conclusion was not supported by substantial evidence. We disagree.

## II. ANALYSIS

### A. Legal Standard

When the Appeals Council denied Robinson's request for review of the ALJ's decision, that decision became the Commissioner's final decision. 20 C.F.R. § 404.981. The district court had jurisdiction to review such a final decision under 42 U.S.C. § 405(g). As the district court entered its own final decision and Robinson timely appealed, we have appellate jurisdiction under 28 U.S.C. § 1291 and can review the Commissioner's decision—incorporating the ALJ's analysis and findings—under § 405(g).

We review the district court's decision in a social security case de novo, *Johnson v. Commissioner of Soc. Sec.*, 652 F.3d 646, 648 (6th Cir. 2011), and our review is limited to whether the Commissioner applied the correct legal standards and if the Commissioner's decision was based on substantial evidence. 42 U.S.C. § 405(g); *Rogers v. Commissioner of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

Substantial evidence is "more than a scintilla . . . but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). This is not a high threshold: it is reached so long as the Commissioner's decision is

supported by substantial evidence, even if the opposite conclusion is also supported by substantial evidence, *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990), and even if not every piece of relevant medical evidence is discussed, *Loral Defense Sys.-Akron v. NLRB*, 200 F.3d 436, 452–53 (6th Cir. 1999) (citing *NLRB v. Beverly Enterprises-Massachusetts*, 174 F.3d 13, 26 (1st Cir. 1999)). Failing to follow agency rules and regulations constitutes a de facto lack of substantial evidence regardless of a conclusion's justification elsewhere in the record. *Miller v. Commissioner of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Gentry v. Commissioner of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014)).

**B. Analysis**

To be eligible for social security benefits, a claimant must be found to be "disabled" as defined by the Social Security Act. 42 U.S.C. § 423(a)(1)(E). The Commissioner uses a five-step sequential evaluation process to determine whether a claimant has a qualifying disability. 20 C.F.R. § 404.1520(a)(4). When moving through the steps, "there are certain governing standards to which an [agency] must adhere." *Rogers*, 486 F.3d at 242. One such standard requires the Commissioner to consider and assess the persuasiveness of any "medical opinion." 20 C.F.R. § 404.1520c(a). A medical opinion is a "statement from a medical source about what you can still do despite your impairment(s)." *Id.* § 404.1513(a)(2). A medical opinion is distinct from "objective medical evidence," *id.* § 404.1513(a)(1), or "other medical evidence," *id.* § 404.1513(a)(3), neither of which are required to be considered or assessed for their persuasiveness, *see id.* § 404.1520c(a). Even for a medical opinion, there is no requirement to cite to every piece of evidence or conclusion, *id.* § 404.1520c(b)(1), nor must the agency give controlling weight to any medical opinion, *id.* § 404.1520c(a).

Central to Robinson's appeal, between steps three and four of the evaluation process, the Commissioner determined Robinson's "residual functional capacity" ("RFC"). RFC measures the most physical and mental work an individual can do despite any limitations or impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1). The Commissioner then factored Robinson's RFC into its analysis at steps four and five, where he determined whether Robinson could perform any past relevant work—step four—or other work considering her RFC as well as her age, education, and work experience—step five. *See* 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(5). While the Commissioner stated his consideration of Robinson's "complaints of [symptoms], the objective findings in the record, and the opinion evidence" in coming to his RFC conclusion, Robinson disagrees.

Specifically, Robinson argues that the Commissioner failed to consider and articulate the persuasiveness of findings by one of her treating physicians, hand surgeon Dr. Young, which she claims constituted a medical opinion, and that this evidence should have been considered either way. Robinson further challenges the interpretation of a functional capacity evaluation by an occupational therapist, Valtena, despite her evidence being contrary to the Commissioner's conclusion. We take these challenges in turn, ultimately concluding that the Commissioner's determination is supported by substantial evidence based on the proper legal standards.

*1. Dr. Young's Findings*

First, Dr. Young's findings do not constitute medical opinions, so the Commissioner was not required to assess their persuasiveness or explain why the opinions were not adopted. *See* 20 C.F.R. § 404.1520c(a); Social Security Ruling, 1996 WL 374184, 96-8p (SSA 1996). Dr. Young reiterated Robinson's diagnosis of bilateral carpal tunnel syndrome and provided test results in raw numbers. There is a difference between what Dr. Young provided—"[s]tatic two-point

discrimination on the right is 7 mm in the thumb and 6 mm in the index through small finger"— and what the Commissioner considered a medical opinion—"no limitation with low body mobility . . ., ability to sit approximately 1-2 hours . . . [and] lift a maximum of 10 pounds." The latter describes "what [Robinson] can still do despite [her] impairment(s)." *See* 20 C.F.R. § 404.1513(a)(2).

Albeit tangential to Robinson's "ability to perform physical demands of work activities"— an ability relevant to medical opinions, *see id.* § 404.1513(a)(2)(i)—Dr. Young's numbers themselves do not describe what Robinson can or cannot do during the workday. The term "medical opinion" cannot be understood to encompass every piece of information that describes "what [a claimant] can still do" only after manipulation and interpretation with supplemental evidence. *See id.* § 404.1513(a)(2). To do so would collapse the distinction between "medical opinions" on one hand, and "laboratory findings" and "clinical findings" on the other—the latter two of which need not be assessed, even if they could be interpreted as providing insight on work activities. Whether Dr. Young's findings instead constitute "objective medical evidence," *see id.* § 404.1513(a)(1), or "other medical evidence," *see id.* § 404.1513(a)(3), does not change that the Commissioner was under no obligation to assess their persuasiveness.

Moreover, regardless of label, the Commissioner properly considered Dr. Young's findings. That the Commissioner did not specifically refer to Dr. Young's grip strength and discrimination testing is immaterial. *See Loral Defense Sys.*, 200 F.3d at 452–53 (not all information needs to be discussed); *Dunlap v. Commissioner of Soc. Sec.*, 509 F. App'x 472, 476 (6th Cir. 2012) (unnecessary to discuss all evidence, particularly when the information is considered implicitly). The Commissioner referenced Robinson's June 2019 appointment with Dr. Young, including Robinson's rejection of the suggested treatment. And the Commissioner

expressly acknowledged Robinson's decreased bilateral strength and grip strength, demonstrated by Dr. Young's numerical findings. Such decreased strength factored into the Commissioner's determination to add limitations and exceptions to Robinson's RFC, constituting adequate consideration of the relevant medical evidence in compliance with the regulations. *See* 20 C.F.R. § 404.1520(e); *Amir v. Commissioner of Soc. Sec.*, 705 F. App'x 443, 450 (6th Cir. 2017) (finding no error in not discussing a specific test result when the broader pain measured by that test was factored into limitations).

Combined, the Commissioner's evaluation of Robinson's carpel tunnel syndrome is supported by substantial evidence, including evidence from Dr. Young, so the findings are conclusive, *see* 42 U.S.C. § 405(g), and failure to further consider or assess Dr. Young's test results was not error.

*2. Valtena's Findings*

While we do not find Robinson's objections to the Commissioner's alleged lack of or improper consideration of Valtena's reports waived, the Commissioner's analysis of Robinson's carpal tunnel syndrome adequately addressed Valtena's findings. As to the waiver point, we agree with Robinson that while Valtena was not mentioned by name in Robinson's objections to the magistrate's report, her tests and findings were, and these tests and findings go to her objection to the Commissioner's handle and finger finding. As such, this specific issue was properly preserved for appellate review.

Unlike Dr. Young's test results, Valtena provided a medical opinion regarding what tasks Robinson can perform at work despite her impairments, so the Commissioner evaluated the opinion's persuasiveness. *See* 20 C.F.R.§ 404.1520c(a). In doing so, the Commissioner discussed both Valtena's ultimate conclusion—that Robinson can handle the physical demands of sedentary

work—and her underlying findings—including test results and the reported variance in Robinson's lifting ability, ranging from zero to ten pounds depending on the height of the lift. This alone satisfies the Commissioner's burden as it relates to Valtena's medical opinion. *See* 20 C.F.R. § 404.1520c(a)-(b)(1). That the evidence overall, including Valtena's opinion, *could* support two inconsistent conclusions regarding Robinson's RFC—the capacity to perform sedentary work versus light work—does not change that the Commissioner's pick of the two is supported by substantial evidence. *See American Textile Mfrs. Inst., Inc. v. Donovan*, 452 U.S. 490, 522–523 (1981) (quoting *Consolo v. FMC*, 383 U.S. 607, 620 (1966)).

In sum, the Commissioner's decision that Robinson is not disabled as defined in the Social Security Act complies with the agency's regulations and is supported by substantial evidence.

## III. CONCLUSION

For the foregoing reasons, we affirm the district court's order adopting the magistrate judge's Report and Recommendation.